UNITED STATES of America,

v.

Dorian T. BRENTLEY, Appellant.

No. 91–3520.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit
Rule 12(6) March 13, 1992.

Decided April 10, 1992.

Stephen Israel, Marianna E. Specter, Pittsburgh, Pa., for appellant.

Thomas W. Corbett, Jr., U.S. Atty., Paul J. Brysh, Bonnie R. Schlueter, Asst. U.S. Atty., Office of the U.S. Atty., Pittsburgh, Pa., for appellee.

Before HUTCHINSON, ALITO and ROTH, Circuit Judges.

OPINION OF THE COURT

ROTH, Circuit Judge.

Dorian T. Brentley was convicted after a jury trial in the Western District of Pennsylvania of three counts: possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Only one of the contentions Brentley raises on this appeal requires comment, Brentley's right to a free, complete written transcript of his videotaped trial proceedings.[1] We hold that the district court's decision to deny Brentley's request for such a transcript was proper. Therefore, we will affirm Brentley's conviction and judgment of sentence.

Brentley's jury trial was held on April 29 and 30, 1991. The trial was videotaped as part of a two-year videotape experiment, and no written transcript of the proceedings was prepared. Two weeks after Brentley's conviction, Stephen Israel entered his appearance at Brentley's request and was substituted for Brentley's trial counsel. Israel filed various motions, including an unopposed motion dated June

---

1. Brentley presents two other grounds for his appeal: that there was insufficient evidence to show the specific intent necessary to support a verdict of guilty, and that it was error for the trial court to deny Brentley's Motion for New Trial Nunc Pro Tunc. Brentley based this Motion Nunc Pro Tunc on the allegation that "discrepancies, ommisions [sic], stipulations, police reports, and other errors unfairly prejudiced the jury as they were never rebutted, argued or even objected to at time of trial, clearly providing ineffective assistance of prior counsel on Brentley's behalf." Appendix at 25. We have carefully considered these contentions but hold that they lack merit.

19, 1991, that a written transcript be prepared of the entire videotaped trial proceedings. Counsel sought the transcript "so that [Brentley] can review the trial for possible preparation for the sentencing, the appeal and a separate action for ineffective assistance of counsel." The motion further explained that Brentley "does not have a VCR or the means of reviewing the videotape, and fifty pages of the typed transcript would not be sufficient." Appendix at 15–16. By Order dated June 25, 1991, the trial court denied the motion.

■ On appeal, Brentley raises a matter of first impression regarding his right to a complete written transcript of his videotaped trial proceedings. In our consideration of this ground of the appeal, we have reviewed the videotape of the trial. We find that Brentley's criminal trial was short and uncomplicated. We do not find any portion of the proceedings that is not adequately recorded on the videotape for easy comprehension. Nor do we find any issue presented to be unduly complex such that it might require transcription for better understanding.

Moreover, we find that Brentley's motion for a written transcript gives no reasons why a transcript is necessary except for those reasons cited above. While the motion states that Brentley does not have a VCR or the means of reviewing the videotape, it provides no mention of whether or not a VCR was or could have been made available at the institution where Brentley was incarcerated. Moreover, Brentley's counsel gives no explanation for why he could not review the videotape and then discuss it with Brentley. Indeed, our review of the videotape indicates that it would be relatively simple for an attorney to make notes of the proceedings for later discussion with his client. We note also that while our rules permit the defendant to receive up to fifty pages of typed transcript, no portion of the permitted 50 pages has been included in the Appendix on the appeal. We find this to be a further indication that the defendant did not lack the necessary material, either video or written, to participate effectively in the prosecution of the sentencing, the motion for ineffective assistance of counsel, or this appeal.

■ An indigent defendant is of course entitled to a free trial transcript on appeal. *Draper v. Washington,* 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963). However,

> [a]lternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise.

*Id.* at 495, 83 S.Ct. at 779. Certainly, a videotape of the complete proceedings may be such an "alternative method." Under the circumstances of this case, we find that the free videotape, which defendant was provided, constitutes an "equivalent report of the events at trial" and that the trial judge did not abuse his discretion in refusing to order that a free, written transcript be prepared for use in connection with the preparation for sentencing, the motion for a new trial, or this appeal. Keeping in mind that Brentley was represented by counsel throughout these proceedings, we find that he has not shown either that he was unable to prepare adequate post-trial motions or that he was precluded from raising any trial error on appeal by virtue of the district court's decision to deny his request for a free, written transcript.

For the foregoing reasons, we will affirm Brentley's conviction and the judgment of sentence.