**Virginia MILITELLO, Plaintiff,**

**v.**

**BOARD OF EDUCATION OF the CITY OF UNION CITY, Defendant.**

**Civ. A. No. 91–4214.**

United States District Court, D. New Jersey.

Aug. 13, 1992.

---

Gregory G. Diebold, Jeanne Habib, Hudson County Legal Services Corp., Jersey City, N.J., for plaintiff.

Louis Rosen, Patino, Treat and Rosen, Haddonfield, N.J., for defendant.

## OPINION

**HAROLD A. ACKERMAN, District Judge:**

This matter comes before the court upon a motion by plaintiff, Virginia Militello, for an order reversing the determination of the Magistrate Judge filed in this matter on January 7, 1992. In that order, the Magistrate denied plaintiff's request for a transcript, to be paid for by the federal government, of proceedings on this matter before the New Jersey Office of Administrative Law. For the reasons articulated below, I respectfully reverse the Magistrate's decision and find for the plaintiff.

## BACKGROUND

Ms. Militello is a single woman who receives public assistance and has no other income. She is the mother of a six year old, educationally handicapped child, Dawn. In July, 1991, the Board of Education of the City of Union proposed an Individual Educational Program ("IEP") for Dawn for the 1991–1992 school term. The proposed IEP classified Dawn as neurologically impaired and proposed a placement for her within the Union City school district. Ms. Militello felt that the placement was not appropriate and sought review of the Union City Board of Education's recommended classification and placement of her child. At an administrative hearing on this issue before the New Jersey Office of Administrative Law, an Administrative Law Judge

("ALJ") upheld the school board's decision. Dissatisfied with the outcome of the administrative proceeding, the plaintiff appealed the ALJ's decision to this court.[1] For the purpose of facilitating Ms. Militello's appeals process, the state of New Jersey, pursuant to federal law[2], provided the plaintiff with the electronic record of the hearing.

At the time Ms. Militello filed her appeal, this court granted her leave to proceed with her claim *in forma pauperis*, 28 U.S.C. § 1915. The plaintiff then filed a motion with this court pursuant to 28 U.S.C. § 753(f)[3] seeking to have the court direct the transcription of the state administrative hearing at the expense of the federal government.[4] Pursuant to 28 U.S.C. § 636(b)(1)(A) I referred the matter to the Magistrate Chesler.

Magistrate Chesler denied the plaintiff's motion on January 7, 1992, finding that there was no statutory authority for him to order the transcription of a state administrative hearing at the expense of the federal government. In her current motion, Ms. Militello contends that the Magistrate took an unduly restrictive view of his statutory authority and argues that his finding was clearly erroneous and should be reversed. The defendant does not oppose Ms. Militello's motion.

## DISCUSSION

■ The Federal Magistrates Act of 1968, *as amended*, 28 U.S.C. § 636(b)(1)(A), and Local Rule 40 A.1 of this district provide that the court can refer certain non-dispositive matters to the magistrate for judgement. Both Local Rule 40 D.4(a) and Fed.R.Civ.P. 72(a) state that on appeal, the standard of review as to non-dispositive motions is whether the Magistrate's ruling was "clearly erroneous or contrary to law." *See e.g. Curley v. Cumberland Farms Dairy, Inc.*, 728 F.Supp. 1123, 1141 (D.N.J. 1989); *Ahuja v. Laird*, 693 F.Supp. 197, 200 (D.N.J.1988). After review, the District Judge may accept, reject or modify in whole or in part any finding by the Magistrate to which objection has been taken. Local Rule 40 D.5. I now turn to the merits of this motion.

■ Part III of Title 28, which contains section 753(f), provides in relevant part that "[f]ees for transcripts furnished in *other proceedings* to persons permitted to appeal *in forma pauperis* shall ... be paid by the United States if the trial judge or circuit judge certifies that the appeal is not frivolous (but presents a substantial question)" (emphasis added). The Magistrate reasoned that since section 753 is contained in the part of the United States Code relating to court officers and employees of United States courts, the phrase "other proceedings" refers only to proceedings in the district court. Therefore, he found that the statute did not provide him the authority to grant the plaintiff's motion because the phrase "other proceedings" does not encompass proceedings before an ALJ. I disagree.

There are several reasons why this Court has the authority to grant the plaintiff's request. First, the language of statute itself and the word "proceedings", as it has been defined in other contexts, clearly indicates that this Court has the discretion to provide written transcripts at the federal

---

1. Section 615(e)(2) of the EHA contemplates that an appeal to the district court will be based upon "the records of the administrative proceeding" and other "additional evidence at the request of the parties." The district court makes its decision based on a preponderance of the evidence.

2. See 20 U.S.C. § 1413(d)(3).

3. Section 753(f) states in relevant part:
   ... Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act [ ], or in habeas corpus proceedings to persons allowed to sue, defend, or appeal *in forma pauperis,* shall be paid by the United States out of monies appropriated for those purposes.... Fees for transcripts furnished in *other proceedings* to persons permitted to appeal *in forma pauperis* shall also be paid by the United States if the trial judge ... certifies that the appeal is not frivolous (but presents a substantial question).... (emphasis added).
   28 U.S.C. § 753(f).

4. The estimated cost of the transcript is $4700.00.

government's expense. Second, the policies of the statute as well as two Circuit Court decisions support an expansive view of the statute, while no cases support a restrictive view. Lastly, a restrictive interpretation of section 753 defeats the purpose behind the related *in forma pauperis* statute which allows indigent litigants with nonfrivolous claims to proceed *in forma pauperis.* I will address the above reasons in turn.

■ The language of the statute itself reveals that section 753 does not expressly make any distinction between state and federal proceedings, but rather refers simply to "other proceedings." This general language requires me to interpret the word "proceedings".

In another context, the Third Circuit has construed the term "proceeding" to include "decisions affecting the substantive rights of litigants to an actual case or controversy." *United States v. Sciarra,* 851 F.2d 621, 635 (3d Cir.1988). In this case, Ms. Militello's substantive rights are certainly affected. Therefore, I believe that the definition of "proceeding" used in *Sciarra* should be adopted here.

■ Second, the Magistrate's decision conflicts with the policies of the statute and the only precedent available. Where the language and structure of a statute fail to fully reveal its scope, it is appropriate to turn to the statute's underlying purpose. *See Bell v. United States,* 754 F.2d 490 (3d Cir.1985); *Bartok v. Boosey & Hawkes, Inc.,* 523 F.2d 941 (2d Cir.1975). In this instance, it is clear that the statute is aimed at alleviating the disparity that exists as a result of a litigant's financial situation. In light of its remedial purpose, this court is persuaded that the statute's language should be interpreted liberally, not restrictively.

In further support of this interpretation are two recent appellate cases. The Third Circuit has recently held that a district court has the authority to order a free written transcript to be provided to an indigent defendant for use in connection with her appeal of a *district court* decision, even where she has been provided with an "equivalent [electronic] report of the events at trial." Among the factors the court should consider is whether the underlying proceeding will be lengthy and complex. *United States v. Brentley,* 961 F.2d 425 (3d Cir.1992).[5] In light of my interpretation of the word "proceedings", this policy applies to this matter.

Moreover, in *Edward B. v. Paul,* 814 F.2d 52 (1st Cir.1987), the First Circuit intimated, in *dicta,* in both its majority and concurring opinions that section 753 granted the district court the discretion to order the transcription of administrative proceedings at *federal* expense. While *Edward B.* does not constitute controlling authority, it is nonetheless persuasive. I agree with the *Edward B.* court that providing a written transcript to an indigent party, even if it is a state administrative record provided at federal expense, comports with the purpose of section 753.

In contrast to the above decisions, the Magistrate cites no cases advocating a narrow reading.

Finally, support for my decision that section 753 authorizes the payment of the cost of transcription in this case is provided by the *in forma pauperis* statute. In this case, I specifically granted plaintiff's application to proceed *in forma pauperis* after determining that she was indigent and her complaint was not frivolous. "The purpose of § 1915 is to provide an entre, not a barrier, to the indigent seeking relief in the federal court." *Walker v. People Express Airlines, Inc.,* 886 F.2d 598, 601 (3d Cir.

5. In *Brentley,* the Third Circuit upheld a district court's denial of an indigent criminal defendant's request for a free written transcript to be used in pursuing his appeal, where the defendant was provided with a videotaped record of the trial. The *Brentley* court suggests that there is no hard and fast rule for a district court when reaching a determination of whether to provide a free written transcript to an indigent litigant. Rather, the district court should base its decision upon an independent review of the facts of each case. The court specifically noted that the length and complexity of the trial are among the factors to be considered, stating that the trial took only two days and that it was "short and uncomplicated." *Id.* 961 F.2d at 426.

1986) (quoting *Jones v. Zimmerman*, 752 F.2d 76, 79 (3d Cir.1985)). In other words, section 1915 "is intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because [her] poverty makes it impossible for [her] to pay or secure the costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S.Ct. 85, 90, 93 L.Ed. 43 (1948).

Although the Magistrate's ruling would not technically preclude the plaintiff from pursuing her appeal, it most certainly places "a barrier" in her appellate route. When Congress enacted the EHA, it expressly provided that a dissatisfied party may appeal the decision of the ALJ to the federal district court. 20 U.S.C. § 1415(e)(2). When dealing with a lengthy and complex proceeding, as here, a written transcript of the testimony and evidence adduced before the ALJ is an essential tool for the effective and efficient review of the ALJ's determination. As a result of her inability to procure a written transcript and the practical difficulties associated with pursuing an appeal of a six day proceeding based upon a taped transcript, the plaintiff would be seriously hindered, if not forced to abandon, her appeal. In turn, it would be contrary to the spirit of section 1915 "to force a litigant to abandon what may be a meritorious claim in order to spare [herself] complete destitution." *Id.* at 340, 69 S.Ct. at 89.

 Accordingly, I find that this court has discretion in a non-frivolous civil action to order the transcription of a state administrative record at federal expense where the litigant is indigent.

Applying the above factors, I find that ordering the written transcript from the state administrative hearing at federal expense is warranted in the instant case. First, the plaintiff is clearly indigent. Second, Ms. Militello is appealing from a rather lengthy and complex state administrative hearing. Lastly, the nature of her claim (the educational placement of her learning disabled child) suggests that the issues involved will be fairly complex and fact specific. When aggregated, I find that these factors place an undue burden on the plaintiff may force her to abandon her appeal. Therefore, in keeping with the purpose behind sections 753 and 1915, and exercising the inherent authority and discretion granted this court, I order the transcription of the state administrative hearing at federal expense in this matter.

## CONCLUSION

For the reasons stated above, I find that the Magistrate Judge's determination in this matter is clearly erroneous and, therefore, reverse his order.