641 So.2d 436 (1994)
B & S ASSOCIATES, INC., a Florida corporation, Appellant,
v.
INDEMNITY CASUALTY AND PROPERTY, LTD., a foreign corporation, Appellee.
No. 93-1031.
District Court of Appeal of Florida, Fourth District.
August 10, 1994.
Raymond V. Miller of Kaufman Miller Dickstein & Grunspan, P.A., Miami, for appellant.
Warren R. Trazenfeld and Rima Y. Mullins of Kirkpatrick & Lockhart, Miami, for appellee.
POLEN, Judge.
B & S Associates appeals from an order that grants summary judgment in favor of appellee, Indemnity Casualty and Property, Ltd. (Indemnity), insurer, based upon a navigational policy limitation provision. We reverse and remand for further proceedings.
Appellant purchased an "all risks" marine insurance policy from Indemnity covering the time period from October 13, 1990, to October 13, 1991. During the policy period, appellant operated a charter boat service. The policy insured a sailboat, the Buckeye, which appellant used in its charter business. By its terms the policy limited insurance coverage to waters within fifty (50) miles of the United States and the Bahamas. During the time that the policy was in effect, appellant entered a written "bare boat" charter of the Buckeye to Bruce Davis. While under charter to Davis, the Buckeye was found in Jamaica with Davis's dead body on board. Appellant subsequently made a claim pursuant *437 to the policy. Indemnity denied the claim on the ground that damage to or loss of the Buckeye was not covered by the policy, since it was recovered outside the navigational limits. Appellant filed a complaint, which was served on Indemnity on June 23, 1992. Indemnity answered the complaint and raised affirmative defenses. The case was set for jury trial in April 1993, but never proceeded to trial. On February 22, 1993, Indemnity filed a motion for summary judgment, which the trial court granted on March 25, 1993.
We note that Indemnity relied below, and relies in this appeal, on cases that do not involve all-risk insurance policies. As a result, we do not find any of Indemnity's cited authority controlling or persuasive. We hold that the instant facts compel a reversal of the summary judgment in favor of Indemnity under the reasoning in Morrison Grain Co. v. Utica Mutual Insurance Co., 632 F.2d 424 (5th Cir.1980). The Morrison Court wrote:
[I]t would appear that all risk insurance arose for the very purpose of protecting the insured in those cases where difficulties of logical explanation or some mystery surround the loss or damage to property. It would seem to be inconsistent with the broad protective purposes of "all-risks" insurance to impose on the insured, as Insurer would have us do, the burden of proving precise cause of loss or damage.
Id. at 430.
In the instant case, the specific cause of damage to the vessel and location where the damage occurred are unknown. Neither Indemnity nor appellant were able to present evidence establishing the location of the vessel at the time the damage occurred. Indemnity established only that the shores of Jamaica is where the vessel was recovered. Another piece of evidence we find interesting is the report prepared by the coroner in Negril, Jamaica, titled "Report of Death of An American Citizen Abroad." The coroner concluded that Bruce Davis was dead 5 or 6 days before his body was found on the vessel. The coroner determined the cause of death to be hypoglycemic shock resulting from uncontrolled diabetes. The foregoing gives rise to the reasonable speculation that that damage to the Buckeye could have occurred within the fifty (50) mile navigational limits and that Mr. Davis's condition did not permit him to prevent the vessel from straying outside the navigational limits, or, that after Mr. Davis expired, the vessel drifted beyond the fifty miles. At the very least, there were material issues of fact which would preclude granting appellee's motion for summary judgment.
The record suggests that the trial court improperly placed the burden on appellant to prove that the damage caused to its vessel was not subject to any policy exclusion. See Hudson v. Prudential Property & Casualty Ins. Co., 450 So.2d 565 (Fla. 2d DCA 1984). That case holds, "Once the insured establishes a loss apparently within the terms of an all-risk policy, the burden shifts to the insurer to prove that the loss arose from a cause which is excepted." Id. at 568. Here, Indemnity did not meet its burden to prove that coverage was excluded under the policy.[1] We reverse the order entering summary judgment against appellant and remand this cause for further proceedings consistent with this opinion.
FARMER and PARIENTE, JJ., concur.
NOTES
[1] Indemnity improperly and disingenuously raises for the first time on appeal, the issue of seaworthiness of the vessel, i.e., that appellant failed to prove below that the vessel was seaworthy before the damage occurred. See Proprietors Insurance Co. v. Siegel, 410 So.2d 993, 996 (Fla. 3d DCA 1982). We hold that this issue was waived.