PER CURIAM.
This is an appeal from a summary final judgment in favor of an insurer against its insured. We reverse and remand for trial as a genuine issue of material fact exists.
Appellant is a family owned jewelry store. Appellee provided an “all-risks” jewelers’ block insurance policy to appellant. A customer left a diamond ring with appellant to be repaired. When she came to pick up the ring almost a month later, appellant discovered that the ring was missing. The customer presented a claim against appellant, who in turn requested that appellee provide coverage and a defense, which it refused to do.
Appellant filed suit against appellee for breach of the insurance contract, alleging that as a consequence of the denial of coverage, appellant was forced to hire a law firm to represent its interests and, in an attempt to mitigate its damages, settle with the customer who lost the ring. Pursuant to the settlement agreement, appellant provided a replacement ring with a comparable fair market value of $17,500.
The deposition of Maria Ursula Fernandez, who works at the store and is the secretary of the corporation, explained that when the repairs were finished on the ring, it was put into an envelope and placed in a “finished box,” which goes into a safe at night. During the day, the finished box was brought out of the safe and set on top of a desk behind the counter. At times, Mrs. Fernandez had seen suppliers, dealers and customers wandering around near the area of the finished box and it made her uncomfortable. She had no explanation to give the customer regarding her missing ring, as there were no break-ins or robberies, nor was there any other missing merchandise, during the time between when the ring was dropped off and when it was discovered as missing.
Appellee does not contest the assertion made by appellant that the trial court also had before it appellant’s answer to appellee’s interrogatory as to how the loss occurred wherein appellant asserted: “[T]he Plaintiff has concluded that Mrs. Hawks’ ring was, in all probability, stolen by one of the suppliers or dealers who roamed in the area where the finished box containing Mrs. Hawks’ ring was located.” Nevertheless, the trial court granted appellee’s motion for summary judgment then entered the summary final judgment being appealed.
Policy exclusion 7(M) reads, in pertinent part, as follows:
7. This Policy insures against all risks of loss of or damage to the above described property arising from any cause whatsoever
EXCEPT:
[[Image here]]
(M) Unexplained loss, mysterious disappearance or loss or shortage disclosed on taking inventory.
Since in the instant case it was undisputed that the loss of the ring apparently fell within the terms of the all-risk policy, appellee bore the burden as insurer to establish that the circumstances of the loss fell within an exclusionary provision. See Wallach v. Rosenberg, 527 So.2d 1386, 1388 (Fla. 3d DCA), rev. denied, 536 So.2d 246 (Fla.1988); Hudson v. Prudential Property & Casualty Ins. Co., 450 So.2d 565 (Fla. 2d DCA 1984); Phoenix Ins. Co. v. Branch, 234 So.2d 396, 398-99 (Fla. 4th DCA 1970); see also U.S. Fidelity & Guar. Co. v. J.D. Johnson Co., 438 So.2d 917, 921 (Fla. 1st DCA 1983). It is not necessary for the insured to disprove that the loss resulted from an excepted cause. Hudson, 450 So.2d at 568.
In light of the foregoing assertion, appellee — for the purpose of summary judgment — failed to meet its burden. See Jewelers Mut. Ins. Co. v. Balogh, 272 F.2d 889 (5th Cir.1959); B & S Assocs., Inc. v. Indemnity *1215 Casualty & Property, Ltd., (Fla. 4th DCA 1994). 641 So.2d 436
Appellant further contends that summary judgment in favor of appellee based on exclusion 7(A) was not proper because the record did not establish that an employee took the ring. Appellee does not refute this argument on appeal. We agree with appellant’s position and find that exclusion 7(A) did not provide an alternative basis for summary judgment.
GLICKSTEIN and STONE JJ., concur.
FARMER, J., concurs specially with opinion.