Robert **HARRINGTON**, Plaintiff,

v.

Cheryl **LAUER**, et al., Defendants.

Civ. No. 93–3166 (CSF).

United States District Court,
D. New Jersey.

July 17, 1995.

---

Frost, Rhodes, Devito & Smith, P.C. by Jack N. Frost and Adam Kenny, Plainfield, NJ, for plaintiff.

Rand, Algeier, Tosti & Woodruff, P.C. by John F. McDonnell, Morristown, NJ, for defendants Cheryl Lauer, Franklyn Kennedy, Barbara Lentine, Martie Orlando, Gwendolyn Miller and Robert Zektick.

Carson & Astorino by Robert A. McLarty, Jr., Trenton, NJ, for defendant Clinton Tp. Bd. of Educ.

## OPINION

CLARKSON S. FISHER, District Judge.

In what the court hopes is the last round of pretrial motions in this case, four separate applications have been presented to the court. The first is plaintiff's motion to adjourn the trial date, currently scheduled for September 6, 1995. The second is a motion for reconsideration of that portion of this court's order dated June 8, 1995, which denied defendants' motion for summary judgment as to count three of plaintiff's third amended complaint.[1] In the third applica-

---

1. Despite the language of the court's order, which specifically refers to summary judgment in the context of the claims asserted in plaintiff's *third* amended complaint, in his brief in opposition to the motion for reconsideration of that order, plaintiff states "defendants argue that the court erred in failing to dismiss the third count of plaintiff's *fourth* amended complaint." (Pl's Letter Brief at 1.) Moreover, in discussing the merits of the motion, plaintiff asks the court to examine the relevant counts of the complaint. Instead of attaching a copy of the third amended complaint, which contains the allegations upon which the court's determination necessarily must rest, plaintiff attached a copy of his proposed fourth amended complaint. What plaintiff failed

tion pending before the court, defendants request the entry of sanctions against plaintiff, Robert Harrington, and his attorney, Jack N. Frost, Esq., due to their vexatious, harassing and bad faith conduct in this litigation. The final matter is plaintiff's appeal from the magistrate judge's June 7, 1995, order denying plaintiff's request for leave to file a fourth amended complaint. In this opinion, the court will address each of the pending applications separately.

### A. Motion to Adjourn Trial Date

The trial of this case has been set for September 6, 1995, with jury selection scheduled to occur on that date. By way of formal notice of motion, plaintiff has requested that the court adjourn the trial date until September 19, 1995. The trial has already been adjourned twice, both times at the request of plaintiff's counsel. Buried in each adjournment request, including the present one, the court found indication that the selected trial dates conflicted with the pre-arranged vacation plans of plaintiff's counsel. When the trial was originally scheduled for April 4, 1995, Mr. Frost expressed concern that his trip to Bermuda (which was planned for April 14th) would interrupt the proceedings, as he has estimated that the liability phase of the case will take approximately four weeks. After the trial was rescheduled for July 5, 1995, Mr. Frost informed the court that because he would be returning from a golfing vacation in Scotland and Ireland on the 4th of July, his client was concerned that he would be suffering from jet lag and would not be at his physical best to begin a trial the next day. Now, Mr. Frost has requested an adjournment of the September 6, 1995, trial date. Among other reasons, he advises that he will be returning that day from a family vacation in Myrtle Beach and Ocean City. The court will not allow further delay of this matter. With this being the first trial scheduled after the summer recess, defense counsel have noted the high probability of actually proceeding on that date, since it will be unlikely for other continuing cases to inter-

fere with the start of this trial. That will not be true if the matter is carried until the 19th of September, as plaintiff has requested.

The court is aware that plaintiff is a superintendent of schools and realizes that the trial date coincides with a busy time of year for him. However, the court does not see how delaying the trial for less than two weeks will ease his burden. Consequently, plaintiff's motion to adjourn the trial date is denied; the trial will proceed as scheduled on September 6, 1995. As that day will be reserved for jury selection only, Mr. Frost can arrange for another attorney from his office to appear.

### B. Motion for Reconsideration

In their initial motion for summary judgment, defendants argued that the third count of the third amended complaint should be dismissed. Although count three of that complaint was designated as a claim under 42 U.S.C. § 1983, defendants pointed out that the language used in the complaint was almost identical to the wording of 42 U.S.C. § 1986. Defendants then argued that the § 1986 claim could not survive because transgressions of § 1986 necessarily depend on a preexisting violation of § 1985, which they claim was not alleged in this case.

Noting the extreme parallel between the language of count three and the language of § 1986, the court assumed that plaintiff intended to assert a claim under § 1986, despite the subheading which indicated that the claim was brought under § 1983. The court likewise noted the similarity between the language used in count two of the complaint and the language in 42 U.S.C. § 1985. The court chose, therefore, to ignore the subheadings under counts two and three, which indicated that those claims were brought under § 1983, and instead construed them as claims under § 1985 and § 1986. Based on that construction of the complaint, the court denied the motion to dismiss count three because it found that the requisite preexisting violation of § 1985 was asserted in count two. If

to mention, however, is that his application for leave to file that fourth amended complaint was denied by Magistrate Judge Hughes on June 7, 1995. In making its determination on the mo-

tion for reconsideration, the court has not considered the allegations contained in the proposed fourth amended complaint.

plaintiff had indeed intended to assert claims under § 1985 and § 1986, as the court presumed, defendants now correctly argue that those claims should have been dismissed under the law-of-the-case doctrine which directs that when a court decides upon a rule of law, that rule should continue to govern the same issues in subsequent stages in the litigation. *See Devex Corp. v. General Motors Corp.,* 857 F.2d 197, 199 (3d Cir.1988), *cert. denied,* 489 U.S. 1015, 109 S.Ct. 1128, 103 L.Ed.2d 190 (1989) (citing *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 815–16, 108 S.Ct. 2166, 2177–78, 100 L.Ed.2d 811 (1988)).[2]

After reviewing plaintiff's opposition to the motion for reconsideration, however, it is apparent to the court that plaintiff intended counts two and three to be brought under § 1983, as they were designated, not under § 1985 and § 1986, as the court erroneously construed them. Evidently, plaintiff has not attempted to assert in count two of the third amended complaint a conspiracy motivated by a class-based discriminatory animus as required by § 1985, but has simply alleged that defendants conspired to deprive plaintiff of his privileges under the law in violation of § 1983. Many federal courts, including the Third Circuit, have recognized that actionable conspiracies under the civil rights laws are not limited to 42 U.S.C. § 1985, concluding that a cause of action for conspiracy may also be maintained under § 1983. *Nesmith v. Alford,* 318 F.2d 110 (5th Cir.1963), *cert. denied,* 375 U.S. 975, 84 S.Ct. 489, 11 L.Ed.2d 420 (1964); *Hazo v. Geltz,* 537 F.2d 747, 749 n. 4 (3d Cir.1976); *Safeguard Mutual Ins. Co. v. Miller,* 477 F.Supp. 299, 303–304 (E.D.Pa.1979). In their initial motion for summary judgment, defendants did not seek dismissal of the § 1983 claim asserted in count two of the third amended complaint. Therefore, the court need not determine whether defendants are entitled to judgment as a matter of law on that count. When count three is construed as a § 1983 claim, however, the court concludes that it is appro-

priate to enter summary judgment in favor of defendants on that claim.

■ In count three, plaintiff asserts that "defendants, or each of them, by reasonable diligence and knowing of the wrongs conspired to be done to the plaintiff were about to be committed, and having power to prevent or aid in preventing the commission of same, neglected and/or refused to do so in violation of plaintiff's federal rights." (Pl's Third Am. Compl., Third Count, ¶ 2). Notwithstanding its similarity to § 1986, plaintiff maintains that count three is not a claim under that section of the statute. As defendants argued in support of their original motion for summary judgment, except for the duty established in § 1986, the defendants in this case had no duty to prevent others from violating plaintiff's civil rights. Indeed, "[s]ection 1983 creates a cause of action based upon personal liability and predicated on fault. An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Wolf–Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir.1983) (italics in original), *see also McAleese v. Owens,* 770 F.Supp. 255, 263 (M.D.Pa.1991). Plaintiff argues, unpersuasively, that defendants can be liable under § 1983 despite their lack of direct participation in the alleged constitutional deprivation. Specifically, plaintiff asserts that defendants can be liable under § 1983 because their failure to prevent others from violating his civil rights rises to the level of reckless or callous indifference. Plaintiff cites *Rascon v. Hardiman,* 803 F.2d 269 (7th Cir.1986) and *Gutierrez–Rodriguez v. Cartagena,* 882 F.2d 553 (1st Cir.1989), in support of his contention, but those cases do not support the proposition for which they have been cited.

When the court looks beyond plaintiff's blatant misrepresentation of the facts and analysis of the *Gutierrez–Rodriguez* case, it becomes clear just how unpersuasive the case actually is. In discussing that case,

**2.** In a previous opinion dated August 9, 1993, this court held that Harrington was not a member of a protected class under § 1985(3) and thus could not maintain a conspiracy action against Tosti and the Rand firm. Without the existence of a valid § 1985 claim, the court also held that

Harrington could not establish a § 1986 claim against those defendants. The court's ruling that Harrington is not a member of a protected class continues to govern and thus precludes him from establishing § 1985 and § 1986 claims against the moving defendants.

plaintiff asserts that "a police officer was held liable for a shooting by another police officer where evidence showed that he was asleep in a police car at the time of the shooting." (Pl's Letter Brief at 18.) This implies that the defendant was found liable because he failed to take action to stop his fellow officers from shooting the plaintiff. The court specifically stated, however, "[a]s we find that the jury may have concluded that [defendant] was an active participant in the incident, we do not address plaintiff's second theory of liability, namely that [defendant] was liable for not stopping his fellow officers from firing upon plaintiff." [3] *Gutierrez–Rodriguez*, 882 F.2d at 560, n. 4. In fact, personal responsibility of the defendant police officer was established via his direct participation in the constitutional deprivation, not as plaintiff has implied, because his failure to act rose to the level of reckless or callous indifference to the plaintiff's constitutional rights. In this case, plaintiff has not asserted that defendants directly participated in the alleged deprivation of his rights. Rather, he attempts to invoke liability under § 1983 based upon defendants' alleged failure to act. Thus, *Gutierrez–Rodriguez* provides no support for the theory advanced in count three of the third amended complaint.

■ Plaintiff's reliance upon *Rascon v. Hardiman* is similarly misplaced. In that case, the court made it clear that a supervisory official can satisfy the personal responsibility requirement for liability under § 1983 without directly participating in the constitutional deprivation if that official knowingly, willfully, or at least recklessly caused the alleged deprivation by his action or failure to act. *Rascon*, 803 F.2d at 274. In this case, plaintiff urges the court to infer that defendants' refusal to prevent the violation of his civil rights rose to a level of reckless indifference, thus enabling him to maintain an action under § 1983. There are two problems with plaintiff's argument. First, although the Seventh Circuit has held that a § 1983 claim based on supervisory liability may be supported by a showing of reckless disregard on the part of the supervisor, *see id.*, the Third Circuit has developed a more stringent standard. To invoke liability under § 1983, the Third Circuit requires the plaintiff to establish that the supervisor had actual knowledge of and acquiesced in the unconstitutional treatment rendered by those under his supervision. *Baker v. Monroe Township*, 50 F.3d 1186, 1193–94 (3d Cir.1995). Plaintiff has not alleged that defendants actually knew of and acquiesced in the conduct causing the violation of his civil rights. Nor has plaintiff submitted any evidence from which the court could infer actual knowledge and acquiescence.

■ The second problem with plaintiff's argument is more significant. Plaintiff's claim does not even appear to be based on the theory of supervisory liability since plaintiff has not alleged that defendants had supervisory authority over those who allegedly rendered the unconstitutional treatment. Without facts to support the supervisory liability theory, plaintiff must show that defendants directly participated in violating his rights. He has failed to do so. Having reconsidered count three as a claim under § 1983, the court concludes that defendants are entitled to judgment as a matter of law and, thus, will grant the motion for summary judgment as to that count.

### C. *Sanction Motion*

The initial complaint in this matter included claims brought under 42 U.S.C. § 1985 and § 1986 against Robert M. Tosti, Esq. and the law firm of Rand, Algeier, Tosti & Woodruff. After the court dismissed with prejudice those claims against Tosti and the law firm, plaintiff attempted to amend the complaint to add additional claims against Tosti and the firm and to remove Tosti and the firm as counsel for the individual members in this matter. All such motions were denied. Plaintiff then proceeded to file a complaint in the Superior Court of New Jer-

---

**3.** It is also significant to note that based on the testimony presented, the *Gutierrez–Rodriguez* court found that it was reasonable for the jury to infer that the defendant was *not* asleep during the shooting. 882 F.2d at 560. Yet, in his discussion of the case, plaintiff boldly stated that "evidence showed that he was asleep in a police car at the time of the shooting." (Pl's Letter Brief at 18.)

sey asserting claims against Tosti and the Rand firm which arose out of the same core of operative facts asserted in this action. On May 17, 1995, this court entered an order enjoining plaintiff and his attorney from prosecuting the state court action and directed that they immediately take action to dismiss the state case. The court also enjoined plaintiff and his attorney from filing any future actions against employees of the Rand firm for any cause of action arising from the facts presented in this case. In making its determination, the court expressed concern that absent the restraints ultimately entered, plaintiff and his attorney would continue to abuse the judicial process. The individual defendants, along with the previously dismissed defendants, Tosti and the Rand firm, have asked this court to award counsel fees as a sanction against Frost and Harrington because of their abuse of the judicial process.

■ A district court possesses an inherent equitable power to impose sanctions on litigants and their attorneys to deter abuse of the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). Plaintiff does not dispute that attorney's fees may be awarded when a party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. *See id.* He opposes such an award in this case, however, arguing that neither he nor his attorney acted with the requisite bad faith. The moving parties point to the opinion enjoining plaintiff from prosecuting the state court action, which states "the court is convinced that absent appropriate restraints, the plaintiff and his attorney will continue to abuse the judicial process." *Harrington v. Lauer*, No. 93–3166(CSF), slip op. at 10, 1995 WL 569619 (May 17, 1995). Defendants suggest that the court necessarily found that plaintiff and his attorney acted in bad faith. Defendants' point is well taken: one cannot abuse the judicial process in good faith. Nevertheless, the court declines to impose sanctions in the form of a $12,502.15 award of counsel fees as defendants have requested. The court's decision is not predicated upon the belief that the fees are unreasonable. Rather, the court views the injunctive order as a partial sanction in and of itself. As an additional sanction, the plaintiff is directed to pay defendants $5,000 in attorney's fees.

## D. *Appeal from Magistrate Judge's Order*

On June 7, 1995, the magistrate judge entered an order denying plaintiff's motion for leave to file a fourth amended complaint to add claims for breach of contract and breach of the implied duty of good faith and fair dealing and to add his wife as a plaintiff so that she could assert a loss of consortium claim. The magistrate stated three reasons for his decision: undue prejudice to the opposing party if an amendment were allowed, the undue delay that would be required to accommodate another amendment and the futility of some of the proposed amended claims. Plaintiff now appeals from that order, claiming that the magistrate judge abused his discretion.

■ A successful appeal from a magistrate judge's determination of a nondispositive matter must show the magistrate judge's order to be clearly erroneous or contrary to law. General Rule 40(D)(4)(a) of the United States District Court for the District of New Jersey; *Militello v. Board of Educ.*, 803 F.Supp. 974 (D.N.J.1992). The Supreme Court has stated that a finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948)). Because plaintiff has failed to sustain his burden of demonstrating that the magistrate's findings are clearly erroneous or contrary to law, *see Environmental Tectonics Corp. Int'l v. W.S. Kirkpatrick & Co.*, 659 F.Supp. 1381, 1398 (D.N.J.1987), the magistrate's order denying plaintiff's motion for leave to file a fourth amended complaint is affirmed.

■ None of the parties dispute the general rule that leave to amend pleadings in civil actions should be freely given when justice so requires. Fed.R.Civ.P. 15(a). The parties also agree that leave to amend may be denied for certain reasons, such as undue

delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). While the grant or denial of an opportunity to amend is within the discretion of the court, outright refusal to grant the leave without an appropriate justification is an abuse of discretion. *Id.* Since the denial of plaintiff's motion to amend was based on several of the permissible reasons articulated in Foman, the magistrate judge's decision was clearly not contrary to law. The only question presented by this appeal, then, is whether the factual findings cited in support of the magistrate's decision were clearly erroneous.

The magistrate judge found that the defendants would suffer undue prejudice if the amendment were allowed. His finding was based on the fact that the final pretrial order has already been filed and discovery has been completed. Thus, he stated that "[i]f Plaintiff's motion to amend the pleadings was allowed, Defendants would suffer prejudice as they would be precluded from analyzing these new claims and the new party through the discovery process and filing of dispositive motions." *Harrington v. Lauer*, No. 93–3166, slip op. at 6 (June 7, 1995). Moreover, the magistrate found that allowance of the amendment would result in significant additional costs and further delay of the trial, due to the necessity of allowing some discovery from plaintiff's wife, as well as discovery on the other new claims.[4] For all of those reasons, the magistrate judge was absolutely correct when he found that an amendment on the eve of trial would result in undue prejudice for all of the defendants. On that basis alone, the magistrate was justified in denying plaintiff's motion to amend, since prejudice to the opposing party is the

"touchstone for the denial of an amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir.1993) (citing *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir.1978)). It is only in the absence of a finding of undue prejudice that denial of an amendment must be based on some other reason such as bad faith or dilatory motives, undue delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment. *Lorenz*, 1 F.3d at 1414. Accordingly, the order of the magistrate judge entered on June 7, 1995, which denied plaintiff's motion for leave to file a fourth amended complaint is affirmed.[5]

---

**4.** This court has already decided that it will not adjourn the trial date that is scheduled for September 6, 1995.

**5.** Because this court has affirmed the magistrate's finding of undue prejudice, there is really no need to analyze whether the remainder of the magistrate's findings were clearly erroneous. That notwithstanding, even if the magistrate had not been justified in denying the motion to amend based on undue prejudice, he also stated alternative reasons for denying the amendment (i.e., undue delay and futility of amendment). Because this court is not left with a firm conviction that it was a mistake to deny the amendment based on those alternative reasons, the magistrate's decision would have been affirmed even if there had not been a valid finding of undue prejudice.