John DOE, Plaintiff,

v.

**Bill PRYOR, in his official capacity as Attorney General of the State of Alabama, et al., Defendants.**

No. Civ.A. 99–T–730–N.

United States District Court,
M.D. Alabama,
Northern Division.

Aug. 24, 1999.

**1236**

Kyla L. Groff, Alec Brown & Associates, P.C., Alexander City, AL, David A. Gespass, Gespass & Johnson, Birmingham, AL, Scott A. Boykin, Birmingham, AL, Shannon L. Holliday, Wetumpka, AL, for John Doe, plaintiff.

Courtney Wayne Tarver, Raymond L. Jackson, Jr., Office of Attorney General, Alabama State House, Montgomery, AL, Alice Ann Byrne, Office of Attorney General, Assistant Attorney General, Alabama State House, Montgomery, AL, Scott L. Rouse, Office of Attorney General, Montgomery, AL, for Bill Pryor, defendant.

Michael W. Robinson, Department of Public Safety, Legal Unit, Montgomery, AL, Scott L. Rouse, Office of Attorney General, Montgomery, AL, for Mike Sullivan, defendant.

Constance Caldwell Walker, Thomas T. Gallion, III, Haskell, Slaughter, Young & Gallion, Montgomery, AL, for D.T. Marshall, defendant.

George B. Azar, Azar & Azar, Montgomery, AL, for John Wilson, defendant.

### ORDER

MYRON H. THOMPSON, District Judge.

Plaintiff John Doe, who proceeds in forma pauperis, requests in his motion for transcript that the court provide him with a transcription of the July 30, 1999, hearing on his motion for a preliminary injunction. For the reasons explained below, the motion is denied.

Plaintiff Doe cites 28 U.S.C.A. § 1915 in his request for the transcript. Section 1915 provides, in pertinent part, that for proceedings in forma pauperis "the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil ... case, if such printing is required by the appellate court; [and] (2) preparing a transcript of proceedings before a United States magistrate in any civil ... case, if such transcript is required by the district court...." *Id.* § 1915(b).

"The starting point for all statutory interpretation is the language of the statute itself." *United States v. DBB, Inc.,* 180 F.3d 1277, 1281 (11th Cir.1999). Courts should "assume that Congress used the words in a statute as they are commonly and ordinarily understood, and [should] read the statute to give full effect to each of its provisions." *Id.* A court should "only look beyond the plain language of a statute at extrinsic materials to determine the congressional intent if: (1) the statute's language is ambiguous; (2) applying it according to its plain meaning would lead to an absurd result; or (3) there is clear evidence of contrary legislative intent." *Id.*

Here, the statutory authority for charging transcription expenses to the United States for plaintiffs proceeding in forma pauperis is limited expressly to transcripts ordered in preparation for appellate proceedings or for district court review of matters before a magistrate judge. Plaintiff, however, cites *Militello v. Board of Education of the City of Union City,* 803 F.Supp. 974 (D.N.J.1992), for the proposition that § 1915 should be given a broad interpretation, and, in this case, plaintiff seeks an interpretation so broad that the restriction to pending reviews of proceedings of another court be read out of the

statute. *Militello* does not support such a claim. In *Militello,* the indigent plaintiff sought appeal of a state administrative law proceeding in federal court; because the administrative hearing was lengthy and complex, the plaintiff required a transcript to argue her appeal under federal education law. *See id.* at 976, 978. Although the *Militello* court interpreted § 1915 broadly to encompass transcripts for review in federal district court of state administrative hearings, nothing in *Militello* supports the proposition that § 1915 permits charging the United States for transcripts made in preparation of anything other than an appeal or review of a proceeding of another judge or court. Therefore, this court holds that § 1915 does not require the United States to pay for the transcription of a preliminary-injunction hearing for an in-forma-pauperis plaintiff's general use.

Plaintiff Doe is not entirely without recourse, however. Recognizing that indigent litigants incur extraordinary expenses for which statutory schemes, such as that of § 1915, do not provide support, the United States District Court for the Middle District of Alabama has a special attorneys fee fund for just such expenses. *See* Standing Order entered April 20, 1992. Plaintiff is hereby advised that counsel who wish to receive money from this fund for extraordinary expenses "must file a written motion requesting the funds prior to expenditure and detailing the reasons why the funds are necessary." *Id.* "If the total amount requested in a single case is $300.00 or less, the district court or magistrate judge to whom the case has been assigned or referred may approve the request for funds. However, if the total amount requested in a single case exceeds $300.00, the request must be approved by the majority of the active district judges or, if the district judges cannot agree, by the chief district judge." *Id.*

Accordingly, it is ORDERED that the plaintiff's motion for transcript, filed August 12, 1999, is denied.

It is further ORDERED that the clerk of the court shall *not* place this order under seal.