**UNITED STATES of America**

v.

**Cosme FRANCISCO, Appellant.**

No. 09–1379.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Aug. 14, 2009.

Opinion filed: Aug. 19, 2009.

Faithe M. Taylor, Esq., Office of United States Attorney, Philadelphia, PA, for Appellee.

Cosme Francisco, Youngstown, OH, pro se.

Before: SLOVITER, AMBRO and GREENBERG, Circuit Judges.

OPINION

PER CURIAM.

Cosme Francisco, a federal prisoner proceeding *pro se,* appeals an order of the United States District Court for the Eastern District of Pennsylvania denying his motion to obtain the docket sheet, plea agreement, plea colloquy, and sentencing transcript from his criminal proceeding without prepayment of fees or costs. We will affirm.

In 2000, Francisco pleaded guilty in District Court to one count of conspiracy to distribute heroin and one count of distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1), 846. Francisco left the courthouse in 2001 while awaiting sentencing and remained a fugitive until 2008, when he was arrested in New York. In June 2008, the District Court imposed a sentence of 90 months in prison. Francisco did not file a direct appeal. The docu-

ments related to Francisco's criminal proceedings were filed under seal.

In January 2009, seven months after he was sentenced, Francisco filed a motion to obtain the docket sheet, plea agreement, plea colloquy, and sentencing transcript in his criminal proceeding without prepayment of fees or costs. He stated that he needed the documents to file a notice of appeal. The District Court denied Francisco's motion, and this appeal followed.

■ To the extent Francisco appeals the District Court's denial of his request for the docket sheet and the plea agreement, the Government has provided these documents to Francisco through the service of its supplemental appendix in this appeal. Thus, any issue with respect to these documents is moot.

■ The Government states that it does not have the requested transcripts of the plea and sentencing hearings as it never ordered and paid for these documents. The Government argues that the District Court did not err in denying Francisco's request for these documents at the public's expense because he had no appeal or collateral petition pending. We agree. While Francisco correctly states that an indigent defendant is entitled to a free trial transcript on appeal, *United States v. Brentley*, 961 F.2d 425, 426 (3d Cir.1992), Francisco did not file a direct appeal and the time to do so has expired.

The District Court may order that transcripts be provided in proceedings brought pursuant to 28 U.S.C. § 2255 to persons permitted to sue or appeal *in forma pauperis*, but the District Court must certify that the motion is not frivolous and that the transcript is needed to decide the issue presented. 28 U.S.C. § 753(f). Francisco did not file a § 2255 motion with his transcript request. Thus, the District Court did not err in denying Francisco's motion for transcripts. *Cf. United States v. MacCollom*, 426 U.S. 317, 324–25, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976) (holding that the statutory conditions of § 753(f) for furnishing a free transcript in § 2255 proceedings are consistent with due process and equal protection).

Accordingly, we will affirm the order of the District Court.[1] The Government's motion to file its supplemental appendix under seal is granted.

---

1. To the extent Francisco seeks to raise an ineffective assistance of counsel claim in his brief, Francisco did not raise such a claim in District Court and the claim is not properly before us.