# Third District Court of Appeal

## State of Florida

Opinion filed August 16, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-560
Lower Tribunal No. 17-15551
_____

**Marko Serrano and Dolores Serrano,**
Appellants,

vs.

**Citizens Property Insurance Corporation,**
Appellee.


An appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Giasi Law, P.A. and Melissa A. Giasi, and Erin M. Berger (Tampa), for appellants.

Nicklaus & Associates, P.A., and Edward R. Nicklaus, and Stephen P. Byrnes, for appellee.


Before EMAS, MILLER, and LOBREE, JJ.

PER CURIAM.

In this first-party property dispute, appellants, Marko and Dolores Serrano, appeal a final summary judgment rendered in favor of their insurer, appellee, Citizens Property Insurance Corporation. Appellants filed a complaint seeking payment for a water-related loss under an all-risk homeowner's policy. Citizens moved for summary judgment under Florida's so-called "old" summary judgment standard. In so moving, Citizens failed to produce affidavits or other sworn proof establishing the claim was not covered or excluded under the policy.[1] Given this procedural deficiency, we are constrained to reverse the judgment under review and remand for further proceedings. See Star Lakes Ests. Ass'n, Inc. v. Auerbach, 656 So. 2d 271, 274 (Fla. 3d DCA 1995) (quoting Holl v. Talcott, 191 So. 2d 40, 43–44 (Fla. 1966)) ("[T]he movant . . . has the initial burden to prove that there are no genuine, triable issues of material fact in dispute, 'and the burden of proving the existence of such issues is not shifted to the opposing party until the movant has successfully met this burden.'"); see also Sec. First Ins. Co. v. Czelusniak, 305 So. 3d 717, 718 (Fla. 3d DCA 2020) (citation omitted) ("[W]ith an all-risk policy, the insured is only required to prove that damage occurred during the policy period. Subsequently, the burden shifts to the insurer to prove that one of the policy exclusions bars coverage."); B & S

---

[1] The Serranos filed an affidavit and expert report in opposition.

Assocs., Inc. v. Indem. Cas. & Prop., Ltd., 641 So. 2d 436, 437 (Fla. 4th DCA 1994) (reversing summary judgment order where insurer did not meet its burden to prove that coverage was excluded under all-risk policy).

Reversed and remanded.