# Third District Court of Appeal

## State of Florida

Opinion filed March 25, 2026.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D24-1126
Lower Tribunal No. 18-12573-CA-01

————————

**SafePoint Insurance Company,**
Appellant,

vs.

**Riley Ellison, Jr.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne del Rio, Judge.

Bickford & Chidnese, LLP, and Patrick M. Chidnese and Frieda C. Lindroth (Tampa), for appellant.

The Nation Law Firm, and Mark A. Nation and Paul W. Pritchard (Longwood), for appellee.

Before LOGUE, LINDSEY and GORDO, JJ.

GORDO, J.

SafePoint Insurance Company ("SafePoint") appeals the trial court's entry of final judgment denying its motion for directed verdict and denying its motion for a new trial following a jury verdict. The underlying case concerns the failure of a plumbing drainpipe of the air conditioning unit resulting in water flooding the air conditioning closet, kitchen and living room, thus causing damage to the interior and mold growth. The subject insurance policy is an "all-risk" policy. "With an all-risk policy, the insured is only required to prove that damage occurred during the policy period." Sec. First Ins. Co. v. Czelusniak, 305 So. 3d 717, 718 (Fla. 3d DCA 2020) (citing Jones v. Federated Nat'l Ins. Co., 235 So. 3d 936, 941 (Fla. 4th DCA 2018)). "Subsequently, the burden shifts to the insurer to prove that one of the policy exclusions bars coverage." Id. "If the insurer does not meet its burden, the insurer must cover the loss." Id.

It is undisputed that the property sustained damage during the coverage period and that a significant amount of water came from the air conditioning unit due to a clog in its plumbing drainpipe. Thus, the issue at trial was one of causation—whether the property damage was caused solely by water or caused in whole or in part by mold to bar coverage due to policy exclusions. SafePoint asserts there was no reasonable evidence to conclude Ellison's loss was not caused in whole or in part, or in any

2

sequence by mold. The evidence presented at trial shows that the cause of loss in the case was disputed—whether the damage was caused by water, mold, or a combination of water and mold.

After considering the conflicting evidence and the jury instructions agreed upon by both parties—which required a verdict for SafePoint if the greater weight of the evidence showed that any unpaid claimed damages were caused in whole or in part by mold—the jury returned a verdict in favor of Ellison.

Based on the competing testimony, the jury could reasonably have concluded that it was solely water, rather than mold, in whole or in part, that caused the damage to the property. See Tower Hill Prime Ins. Co. v. Bermudez, 388 So. 3d 165, 169 (Fla. 3d DCA 2023) ("Simply stated, the trial came down to a so-called 'battle of the experts,' requiring the factfinder to 'resolve the issues upon which the experts differ.' We find no basis to reverse the trial court's denial of the motion for directed verdict on the policy's soil movement exclusion. Based upon the competing expert testimony, the jury could reasonably have concluded that it was the shock waves, and not soil or earth movement, that shook the house and caused damage to the Insured's home. As such, the trial court properly denied Tower Hill's motions for directed verdict, new trial, and judgment in accordance with the earlier

3

motion for directed verdict." (quoting <u>Hidalgo v. Citizens Prop. Ins. Corp.</u>, 323 So. 3d 338, 341 (Fla. 3d DCA 2021))).

Since the evidence regarding causation was conflicting and supported different reasonable inferences when viewed in the light most favorable to Ellison—the nonmoving party—the trial court properly denied the motion for directed verdict and did not abuse its discretion in denying a new trial. <u>See Citizens Prop. Ins. Corp. v. Blanco</u>, No. 3D23-2271, 2026 WL 291059, at *2, (Fla. 3d DCA February 4, 2026) ("[W]e must affirm the trial court's denial of the motion for directed verdict 'if there is conflicting evidence or if different reasonable inferences may be drawn from the evidence, because the issue is factual and should be submitted to the jury for resolution.'" (quoting <u>Miami-Dade Cnty. v. Guyton</u>, 388 So. 3d 50, 52 (Fla. 3d DCA 2023))).

Accordingly, we affirm the final judgment in all regards.

Affirmed.