161 So. 4

**Succession of JONES.**

No. 33140.

April 1, 1935.

Rehearing Denied April 29, 1935.

Charles J. Larkin, Jr., of New Orleans, for appellant.

James J. Cullinane, of New Orleans, for appellee.

O'NIELL, Chief Justice.

The tax collector has appealed from a judgment fixing the amount of the inheritance tax on the succession of Rose Thorne Jones, widow of Paul Jones.

It appears that, when the court fixed the amount of the inheritance tax on the succession of Paul Jones, in January, 1930, a deduction of $17,195.51 was allowed for the debts which his succession owed. On the trial of the rule which was brought by the testamentary executrix of the will of the widow, Rose Thorne Jones, against the tax collector, to determine the amount of the inheritance tax on her succession, in July, 1934, it developed that she had settled the debts of her husband's succession for approximately $6,660; that is to say, for $1,610 cash, $1,050 worth of building and loan association stock, and land worth $4,000. Thereupon, the attorney for the tax collector filed a rule upon the executrix, in the succession of Rose Thorne Jones, to compel her to pay an additional inheritance tax on $10,535.55, being the difference between the amount of the deduction allowed for the debts of the succession of Paul Jones, $17,195.51, and the $6,660 for which the debts were settled; the basis for this additional claim of the tax collector being that Rose Thorne Jones was the universal legatee of her husband. The district judge rejected the tax collector's claim; and that is one of his complaints on appeal. The ruling was correct. There was no fraud practiced in the listing of the debts at $17,195.51 and afterwards settling them for $6,660, as they were settled nearly three years afterwards. The creditors of Paul Jones were his relations, residing in Ohio, and they made a liberal concession in settling with his widow, as a matter of generosity to her. The tax collector, therefore, is not warranted in attempting to go back and change the amount of the debts which were deducted to the amount for which the widow settled the debts.

The only remaining complaint of the tax collector is that the judge fixed the value of the estate of Rose Thorne Jones below what

the tax collector thinks it is worth. It would serve no useful purpose to give a résumé of the evidence on that subject. The appraisements were made by men whose knowledge of the values, and competency, is shown by the record. It is true that the appraisements were, in some instances, far below the appraisements which were made in the succession of Paul Jones, four years before; but the decline in the values is well explained. The record does not warrant our altering the estimates made by the appraisers and approved by the district judge.

The judgment is affirmed.