IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

HUGH HICKS,

      Appellant,

 v.
                                       Case No. 5D17-1282

AMERICAN INTEGRITY INSURANCE
COMPANY OF FLORIDA,

      Appellee.

_____/

Opinion filed February 23, 2018

Appeal from the Circuit Court
for Orange County,
Bob Leblanc, Judge.

Mark A. Nation and Paul W. Pritchard, of
The Nation Law Firm, Longwood, for
Appellant.

Andrew P. Rock and Julia G. Young, of The
Rock Law Group, P.A., Maitland, for
Appellee.


PER CURIAM.

      Hugh Hicks appeals the summary final judgment granted in favor of American

Integrity Insurance Company of Florida ("AIIC") in his suit for breach of contract. Hicks

contends that the trial court misapplied his insurance policy's provision excluding

damages caused by "[c]onstant or repeated seepage or leakage of water . . . over a period of 14 or more days." For the following reasons, we agree and reverse.

Hicks purchased an "all risks" policy from AIIC, which covered his home from May 31, 2012, until May 31, 2013.[1] In September 2012, while Hicks was out of town, the water supply line to his refrigerator began leaking, slowly at first, then steadily increasing, until, by the time Hicks returned on October 25, the supply line was discharging almost one thousand gallons each day. Hicks filed a claim with AIIC, but after AIIC's expert determined that the pipe had been leaking for five weeks or more, AIIC denied the claim, quoting the following provision of the policy: "We do not insure . . . for loss . . . [c]aused by . . . [c]onstant or repeated seepage or leakage of water . . . over a period of 14 or more days."

Hicks sued for breach of contract, and AIIC pleaded in an affirmative defense that this provision excluded Hicks's loss. AIIC then filed a motion for summary judgment, arguing that because the leak occurred over a period of more than fourteen days, the provision unambiguously excluded coverage for all of Hicks's losses. Hicks filed his own motion for summary judgment, on three issues: that Hicks sustained a physical loss during the policy period, that all losses occurring within the first thirteen days were covered, and that Hicks was entitled to $40,926.77 for losses occurring within the first thirteen days of the leak. Hicks attached to his motion an extensive report from a forensic general contractor, which attempted to calculate the amount of damage to Hicks's home

---

[1] An all-risks insurance policy covers "all losses not resulting from misconduct or fraud unless the policy contains a specific provision expressly excluding the loss from coverage." Hudson v. Prudential Prop. & Cas. Ins., 450 So. 2d 565, 568 (Fla. 2d DCA 1984).

within the first thirteen days of the leak. At a hearing on the motions, the trial court told Hicks, "Basically, you're asking [this court] to say whether the policy covered the loss in the first 13 days . . . . It might, but I'm not so sure that the time frame of these particular facts would allow for that determination." The trial court then granted summary judgment in AIIC's favor.

On appeal, Hicks contends that the exclusion applies only to losses "caused by water on day 14 and onward." Hicks relies on Wheeler v. Allstate Insurance, 687 F. App'x 757, 759 (10th Cir. 2017), in which Allstate denied Wheeler's claim under a substantially similar exclusion clause. A leak in Wheeler's seasonal cabin went undiscovered for several months, by which point the basement had been flooded with five inches of water. Id. At trial, Wheeler argued that he was entitled to coverage for the first week of damage caused by the leak. Id. at 762. The court in Wheeler reversed the trial court's grant of summary judgment in Allstate's favor, finding that the "claimed damage was not caused by leakage over a period of 14 days or longer; it was caused by leakage over a period of less than 14 days." Id. at 767. Hicks also relies on Coutts v. Florida Peninsula Insurance, 23 Fla. L. Weekly Supp. 1012b (Fla. 11th Cir. Ct. Mar. 4, 2016), in which the plaintiff sued her insurance company after it denied her claim based on a substantially similar exclusion clause. The circuit court held, "[I]f the 'loss' was realized between days 1 and 13 it is not excluded, even though the 'condition' may have remained on the property for 14 days or longer. Thus, the stipulation that the home was exposed to water for 14 or more days proved just that—and nothing more." Id.

In light of the general principle that insurance policy provisions susceptible to more than one interpretation should be construed liberally in favor of the insured and strictly

3

against an insurer, and that exclusionary clauses should be read even more narrowly, we hold that an insurance policy excluding losses caused by constant or repeated leakage or seepage over a period of fourteen days or more does not unambiguously exclude losses caused by leakage or seepage over a period of thirteen days or less. See Container Corp. of Am. v. Md. Cas. Co., 707 So. 2d 733, 736 (Fla. 1998); State Farm Mut. Auto. Ins. v. Pridgen, 498 So. 2d 1245, 1248 (Fla. 1986); FCCI Ins. v. Horne, 890 So. 2d 1141, 1143 (Fla. 5th DCA 2004); Hrynkiw v. Allstate Floridian Ins., 844 So. 2d 739, 741 (Fla. 5th DCA 2003). It is not unambiguously clear that a provision excluding losses caused by constant leakage of water over a period of fourteen or more days likewise excludes losses caused by constant leakage of water over a period of less than fourteen days. And ambiguous insurance provisions—those susceptible to more than one meaning, one providing coverage and the other denying it—must be construed against the insurer and in favor of coverage. Wash. Nat'l. Ins. v. Ruderman, 117 So. 3d 943, 950 (Fla. 2013) ("[W]here, as here, one reasonable interpretation of the policy provisions would provide coverage, that is the construction which must be adopted."); Pridgen, 498 So. 2d at 1248.

Moreover, the trial court's express reasoning for granting summary judgment in AIIC's favor—that the policy "might" cover "the loss in the first 13 days," but that the trial court was nevertheless "not so sure that the time frame of these particular facts would allow for that determination"—was flawed. In an all-risks policy, once the insured establishes a loss within the terms of a policy, the burden shifts to the insurer to prove that a particular loss arose from an excluded cause. Mejia v. Citizens Prop. Ins., 161 So.

4

3d 576, 578 (Fla. 2d DCA 2014).  Whether such a determination is possible is a genuine issue of material fact precluding summary judgment.

We therefore reverse the summary judgment entered in favor of AIIC and remand this case to the trial court to enter partial summary judgment in Hicks's favor on the sole issue of coverage within the first thirteen days of the leak, the extent of the losses to be determined at trial.  As for losses occurring after the first thirteen days, the burden will be on AIIC to prove that a particular loss was sustained after the thirteenth day and is therefore not covered under the language of the exclusion provision.

REVERSED and REMANDED.

SAWAYA, EVANDER and LAMBERT, JJ., concur.