450 So.2d 565 (1984)
Donald H. HUDSON and Mary Hudson, His Wife, Appellants,
v.
PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Appellee.
No. 83-1237.
District Court of Appeal of Florida, Second District.
May 9, 1984.
*566 Andrew R. Reilly of Reilly & Lasseigne, Haines City, and D.A. Troiano, Lakeland, for appellants.
Roy B. Dalton, Jr., Orlando, for appellee.
SCHEB, Acting Chief Judge.
This appeal addresses the question of which party has the burden of proof in an insured's action under a homeowners insurance policy. The focus of our opinion is directed to the sinkhole coverage mandated by Florida law.
In 1976 Donald and Mary Hudson purchased a homeowners insurance policy from Prudential Property and Casualty Insurance Company. The policy insured them "against all risks of physical loss to the property covered ... except as otherwise excluded or limited" but contained a standard exclusion for any loss caused by earth movement or sinking. The policy included a mandatory endorsement for sinkhole collapse coverage pursuant to section 627.706, Florida Statutes (1981). The endorsement covered direct loss to the Hudsons' property caused by sinkhole collapse and stipulated that: "Any provision in this policy which excludes loss by `earth sinking' is amended to exclude loss by `earth sinking other than sinkhole collapse.'"
In May 1981, while their policy with Prudential was in force, the Hudsons' home was damaged by a sudden collapse of the earth supporting it. They filed a claim with Prudential asserting that the damage was caused by a sinkhole. Prudential denied coverage on the basis that the damage was attributable to earth settlement.
On May 7, 1982, the Hudsons filed suit against Prudential for breach of contract. Prudential answered and asserted an affirmative defense that the damages sustained by the Hudsons were not the result of a sinkhole. A jury trial was held in April 1983. With sinkholes being an included peril in the policy and earth sinking being expressly excluded, the jury was essentially required to resolve conflicts in the testimony between experts presented by both sides on the question of whether the *567 settlement underneath the home had been caused by sinkhole activity.
At the close of the evidence the Hudsons requested the following jury instruction:
The burden of proof is on the Hudson's to establish they have sustained damages by the collapse of their building or any part thereof not caused by settling, cracking, shrinkage, bulging or expansion. When plaintiffs have established this, they are entitled to recover for the damage unless PRUDENTIAL proves that the damage was caused or aggravated by earth movement, including but not limited to earthquake, volcanic eruption, landslides, mudflow, earth sinking, rising or shifting but excluding earth sinking other than sinkhole collapse.
The trial court, however, denied this request and gave the jury the following instructions requested by Prudential:
The issue that you will be called upon to determine in this matter on the breach of contract claim brought by Donald and Mary Hudson against Prudential Property and Casualty Insurance Company is whether Donald and Mary Hudson sustained damage to their property as a result of soil settlement caused by sinkhole activity below the property; and, if so, the extent of the damages sustained as a result of such settlement of the property.
Now sinkhole activity is defined by law and by the contract in this case as follows: Actual, physical damage arising out of or caused by the sudden settlement or collapse of the earth's supporting property and only when such settlement or collapse results from subterranean voids created by the action of [water] on limerock or similar rock formations. If the greater weight of the evidence does not support the claim of Donald and Mary Hudson in this regard, then your verdict should be for Prudential Property and Casualty Insurance Company. However, if the greater weight of the evidence does support the claim of Donald and Mary Hudson, then your verdict should be for Donald and Mary Hudson and against Prudential Property and Casualty Insurance Company.
By greater weight of the evidence, we mean the more persuasive and convincing force and effect of the entire evidence in the case.
After the jury retired to consider the case, it became apparent they were having difficulty in applying the instructions as given. After two hours of deliberation, they requested answers to the following two questions:
1. Do we have to decide whether or not the damage was attributable to the sinkhole activity?
2. Do we have to decide if the attorney for the Plaintiff was convincing enough to tip the scales to insure that sinkhole activity caused the damage?
The court responded to question 1 by saying: "I'll insert the word only, you may allow only damages caused by sinkhole activity." In response to question 2 the court said: "[N]o, it's the evidence which must convince you."
Shortly thereafter, the jury sent out three questions to be answered by the court:
1. Do we have to determine whether a sinkhole or sinkhole activity caused the settlement (a yes or no, answer)?
2. Do we have to decide if the attorney for the Plaintiff was convincing enough to tip the scales to insure that sinkhole activity caused the settlement?
3. Which of the above questions should we use to base our decision?
The court responded as follows:
1. If the greater weight of the evidence convinces you that the damage was caused by sinkhole activity as defined ... you should find a verdict for the Plaintiffs; if not you should find for the Defendant.
2. No. Your verdict must be based upon the evidence. Argument of the attorneys is made to aid or persuade you  it is not evidence.

*568 3. Consider the above answers.
The jury subsequently returned a verdict in favor of Prudential, finding that the damages the Hudsons complained of were not attributable to sinkhole activity as defined by the insuring agreement. The trial court entered final judgment in favor of Prudential and subsequently denied the Hudsons' motion for new trial. The Hudsons then filed this appeal.
The narrow issue we reach is whether the trial court properly instructed the jury as to which party had the burden of proof to establish the cause of the damage to the Hudsons' home.
To determine the burden of proof on the parties, we must examine the policy issued by Prudential. We first note that the policy is not a specific peril policy, such as a policy of fire and lightning insurance, where the policy insures only against certain named risks. Rather, the policy insured against "all risks" except as otherwise excluded. Recovery under such an "all risks" policy generally extends to all losses not resulting from misconduct or fraud unless the policy contains a specific provision expressly excluding the loss from coverage. Phoenix Insurance Co. v. Branch, 234 So.2d 396 (Fla. 4th DCA 1970); 13A G. Couch, Cyclopedia of Insurance Law 2d § 48:141 (rev. ed. 1982).
As already noted, sinkhole coverage was provided for the Hudsons by virtue of the mandatory endorsement to the policy. That endorsement did not change the "all risks" nature of the underlying policy; it merely narrowed the earth sinking exclusion. See Strubble v. United Service Automobile Ass'n, 35 Cal. App.3d 498, 505 n. 6, 110 Cal. Rptr. 828, 832 n. 6 (1973). This harmonizes with the law in Florida that insurance coverage must be construed broadly and its exclusions narrowly. Demshar v. AAACon Auto Transport, Inc., 337 So.2d 963, 965 (Fla. 1976); National Merchandise Co. v. United Service Automobile Ass'n, 400 So.2d 526, 532 (Fla. 1st DCA 1981).
Applying these principles to the present case, the general rule of evidence is that a plaintiff seeking to recover under an "all risks" policy has the burden of proving that, while the policy was in force, a loss occurred to the insured's property. Egan v. Washington General Insurance Corp., 240 So.2d 875 (Fla. 4th DCA 1970); Phoenix Insurance. Once the insured establishes a loss apparently within the terms of an "all risks" policy, the burden shifts to the insurer to prove that the loss arose from a cause which is excepted. Phoenix Insurance; Jewelers Mutual Insurance Co. v. Balogh, 272 F.2d 889 (5th Cir.1959). The plaintiff is not required to disprove any excepted causes. Stonewall Insurance Co. v. Emerald Fisheries, Inc., 388 So.2d 1089 (Fla. 3d DCA 1980).
As the parties point out, there was a direct conflict in the evidence as to the cause of the damage to the Hudsons' home. Thus, the trial court's allocation of the burden of proof on the issue of Prudential's liability became of critical importance. Since Prudential's defense was based on an exclusion to the policy, the court's instructions had the effect of improperly placing the burden on the Hudsons to prove that their home was damaged by a sinkhole. Consequently, the jury was apparently under the mistaken impression that the Hudsons, as plaintiffs, had to "tip the scales" to prove that sinkhole activity caused the damage.
We hold that the trial court erred in denying the instruction requested by the Hudsons as it correctly stated the applicable law for this case. Accordingly, we reverse the final judgment and award the Hudsons a new trial.
CAMPBELL and SCHOONOVER, JJ., concur.