NORTHCUTT, Judge.
Alfredo Mejia appeals a final judgment in favor of Citizens Property Insurance Corp. following a jury trial on his insurance claim for damages to his home allegedly caused by sinkhole activity. The trial court erred in allocating the burden of proof between the parties, and it erred in excluding evidence that tended to impeach the credibility of an expert witness who testified for Citizens. Accordingly, we reverse and remand for a new trial.
*578 Mejia owned a home that was insured under a policy issued by Citizens.[1] The standard policy insured against risk of direct physical loss to the property. It excluded, among other things, coverage for loss caused by earth movement and settlement and loss caused by sinkholes. Mejia, however, had paid an additional premium for a Sinkhole Loss Coverage endorsement.[2] This endorsement added sinkhole loss as a covered peril, and it stated that the earth movement and sinkhole exclusions did not apply.
During the policy term, Mejia reported a claim for damage to his home. Citizens retained BCI, an engineering firm, to evaluate the property for sinkhole activity. BCI investigated and concluded that the damage was not caused by sinkhole activity, and Citizens denied Mejia’s claim. At trial on Mejia’s breach-of-contract claim, Citizens relied on testimony from experts, including an engineer from BCI, to argue that there was no sinkhole activity and no structural damage to the property. Mejia presented his own expert evidence that his home had suffered structural damage due to sinkhole activity.
Prior to trial, the court ruled that Mejia had the burden of showing that the damage was caused by sinkhole activity during the policy period. This was contrary to the jury instructions requested by Mejia, which required him to show only that his home was damaged while the insurance policy was in force and then shifted to Citizens the burden to show that the cause of the damage was not covered by the policy. Instructed otherwise pursuant to the pretrial ruling, the jury found that Mejia had not established by the greater weight of the evidence that his home had suffered physical damage caused by a sinkhole. Final judgment was thereafter entered in favor of Citizens, and this appeal followed.
Mejia argues on appeal, and we agree, that the trial court erred in allocating the burden of proof. In litigation involving an insurance claim, the burden of proof is assigned according to the nature of the policy. Without dispute, the insurance policy at issue here is an “all risks” policy. An all-risks policy provides coverage for “all losses not resulting from misconduct or fraud unless the policy contains a specific provision expressly excluding the loss from coverage.” Hudson v. Prudential Prop. & Cas. Ins. Co., 450 So.2d 565, 568 (Fla. 2d DCA 1984) (contrasting an all-risks policy from a specific peril policy which insures only against named risks). Consistent with the jury instruction requested by Mejia in this case, an insured claiming under an all-risks policy has the burden of proving that the insured property suffered a loss while the policy was in effect. The burden then shifts to the insurer to prove that the cause of the loss was excluded from coverage under the policy’s terms. Id.
As we held in Hudson, it makes no difference that the sinkhole coverage at issue was provided in an endorsement to the underlying policy. -In Hudson, as here, the homeowner had an all-risks policy with a sinkhole endorsement. This court held that the “endorsement did not change the ‘all risks’ nature of the underlying policy; it merely narrowed the earth sinking exclusion.” Id. at 568. And in that case, as here, the jury instructions “had the effect of improperly placing the burden on the Hudsons to prove that their home was damaged by a sinkhole.” Id. Based on that error, we reversed and remanded for a new trial.
*579 Neither does it matter that the sinkhole endorsement in Hudson was obtained under an earlier version of the applicable insurance statute. In Hudson, the statute provided that every property insurer in Florida “shall make available coverage for insurable sinkhole losses on any structure.” § 627.706(1), Fla. Stat. (1981). The version of the statute applicable to Mejia’s policy was substantially identical save for specifying that every property insurer in Florida “shall make available, for an appropriate additional premium, coverage for sinkhole losses.” § 627.706(1), Fla. Stat. (2009) (emphasis added). Significantly, in both versions of the statute the insurer was required to make available coverage for sinkhole losses “to the extent provided” in the form to which the sinkhole coverage attaches. Compare § 627.706(1), Fla. Stat. (1981), with § 627.706(1), Fla. Stat. (2009). In both eases, the form to which the endorsement was attached was an. all-risks insurance policy.
The trial court erred in allocating the burden of proof between Mejia and Citizens. We reverse and remand for a new trial in which the jury must be properly instructed on the burden of proof consistent with the foregoing.
Because we are remanding for retrial, we must also address an evidentiary issue. Mejia argues that the trial court erred by excluding evidence that over the previous three years Citizens had paid approximately $9.5 million in fees to BCI, the engineering firm that employed Citizens’ expert witnesses. Mejia argued that the evidence was relevant to show bias, while Citizens argued that it was not relevant. We conclude that the evidence was relevant and admissible.
In Allstate Insurance Co. v. Boecher, 733 So.2d 993, 997 (Fla.1999), the supreme court held that a plaintiff was allowed to discover the amount of fees paid, over the preceding three years, by his uninsured motorist carrier to its expert in accident reconstruction and injury causation. The court stated that “[t]he more extensive the financial relationship between a party and a witness, the more it is likely that the witness has a vested interest in that financially beneficial relationship continuing.” Id.
Citizens maintains that Boecher addressed only the discovery of such information and not its admission at trial and that the opinion is mere dicta outside the context of discovery. Although it is true that Boecher involved a discovery dispute, this argument misses the mark. Even though Boecher addressed discovery rather than admissibility at trial, we have previously observed that “dictum of the highest court of this State, in the absence of a contrary decision by that court, should be given persuasive weight in this court.” Milligan v. State, 177 So.2d 75, 76 (Fla. 2d DCA 1965).
In Boecher, the supreme court observed that the information sought from Allstate “does not just lead to the discovery of admissible information. The information requested is directly relevant to a party’s efforts to demonstrate to the jury the witness’s bias.” 733 So.2d at 997 (emphasis added).
A jury is entitled to know the extent of the financial connection between the party and the witness, and the cumulative amount a party has paid an expert during their relationship. A party is entitled to argue to the jury that a witness might be more likely to testify favorably on behalf of the party because of the witness’s financial incentive to continue the financially advantageous relationship.
*580 Id. at 997-98 (emphasis added). The supreme court echoed the Fourth District’s assessment that the “information would be ‘indisputably relevant and meaningful.’ ” Id. at 998 (quoting Allstate Ins. Co. v. Boecher, 705 So.2d 106, 107 (Fla. 4th DCA 1998), approved, 733 So.2d 993).
We have previously cited Boecher to support our conclusion that evidence of a doctor’s financial interest in a case, by way of a letter of protection, was properly admitted to attack the doctor’s credibility as a witness. Carnival Corp. v. Jimenez, 112 So.3d 513, 520 (Fla. 2d DCA 2013) (analyzing admissibility of evidence to determine propriety of closing argument). We reject Citizens’ attempt to limit Carnival Corp. to an inquiry into the witness’s financial interest only in the present case. See Flores v. Miami-Dade Cnty., 787 So.2d 955, 959 (Fla. 3d DCA 2001) (“The inquiry extends not just to the compensation arrangements for the current case but also allows inquiry into the expert’s work in other cases.” (citations omitted)).
Similarly, the Fourth District relied on Boecher when affirming an order permitting the plaintiff to ask defense experts about sums paid to them in the previous three years by the defendants’ insurer, the twist in that case being that the insurance company was not identified as such. Herrera v. Moustafa, 96 So.3d 1020, 1021 (Fla. 4th DCA 2012). Here, we conclude that the trial court abused its discretion by precluding Mejia from cross-examining Citizens’ expert witnesses about the $9.5 million their company had been paid by Citizens over the previous three years.
Reversed and remanded for a new trial.
SLEET, J., Concurs.
ALTENBERND, J., Concurs with opinion.

. The form of insurance was CIT HO-3 07 08.

. Form CIT 23 94 07 08.