ALTENBERND, Judge,
Concurring.
I concur in this opinion, but I would do so even if the policy were not treated as an “all risks” policy. It is likely that the HO-3 insurance policy issued by Prudential Property and Casualty Insurance Company to the Hudsons insuring their home in 1981 was significantly different from the policy issued by Citizens in 2011 to Mr. Mejia. See Hudson v. Prudential Prop. & Cas. Ins. Co., 450 So.2d 565 (Fla. 2d DCA 1984). When that standard policy was introduced by the Insurance Services Office in the early 1970s, it was a relatively simple policy that insured the dwelling on an all-risks basis and personal property on a named peril basis.
Over time, for reasons that are not important to this case, the policy evolved into a “special form” policy. At least to this judge, the policy is oddly structured because the “Section I — Perils Insured Against” begins with an all-risks type insuring agreement for the dwelling. That all-risks language is immediately followed by a statement that “we do not insure, however, for loss: ...” This “however” clause is followed by a long list of excluded risks. Several pages later, the policy in more traditional fashion provides “Exclusions” to the Section I coverage. In other words, the policy essentially adds exclusions in both the insuring agreement and in the standard section for exclusions.
The HO-policy may never have been an “all risks” policy if one defines “all risks” literally. But with the addition of the named excluded perils within the insuring agreement, it has become an amalgam that is neither an all risks nor a named peril form.
In the case of sinkhole risks in Florida, the statutorily authorized sinkhole endorsement is intended to eliminate the sinkhole exclusion from the policy. It is written, however, in language that appears *581 to be coverage for an added named peril and not merely an elimination of the authorized exclusion. But when litigated, the homeowner maintains that damage has occurred to the home that falls within the sinkhole coverage. The insurance company maintains that the damage is not caused by a sinkhole and is actually damage that is excluded under the main policy’s exclusion for earth movement and settlement.
There is no controversy that an insurance company has the burden of proof as to an exclusion like the earth movement and settlement exclusion. Given the overall complexity of these claims, where sinkhole damage is excluded in the main policy, revived in the endorsement, and then litigated as a matter that is either covered sinkhole damage or excluded earth movement damage, it seems to me that the only practical solution as to the specific issues raised in sinkhole litigation is to place the burden of proof on the insurance company once the insured has established the requisite physical damage to the insured dwelling during the term of the policy.