DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICHARD W. JONES** and **LOUISE A. KIERNAN,**
Appellants,

v.

**FEDERATED NATIONAL INSURANCE COMPANY,**
Appellee.

No. 4D16-2579

[January 17, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Paul B. Kanarek, Judge; L.T. Case No. 31-2014-CA-000302.

D. John Rhodeback and J. Garry Rooney of Rooney & Rooney, P.A., Vero Beach, for appellants.

Warren Kwavnick and Kelly Lenahan of Cooney Trybus Kwavnick Peets, PLC, Fort Lauderdale, for appellee.

FORST, J.

Appellants Richard Jones and Louise Kiernan ("Homeowners") appeal a final judgment in favor of appellee Federated National Insurance Company determining that Insurance Company did not breach the insurance contract by failing to pay for Homeowners' damaged roof. On appeal, Homeowners argue that the court committed various errors in its jury instructions, including applying the wrong coverage doctrine as well as improperly shifting the burden of proof. We agree that the court erred in these two respects, and reverse and remand for a new trial.

## Background

Homeowners filed an insurance claim for their damaged roof, maintaining that the damage was attributable to a hailstorm one-and-a-half years prior to the claim. Insurance Company denied the claim based on specified insurance policy exclusions. Subsequently, Homeowners filed a complaint for breach of contract seeking the cost to replace their roof. Attached to the complaint was an "all-risk" insurance contract in which

Insurance Company expressly agreed to cover all direct physical losses to the insured home except those explicitly excluded by the contract.

Insurance Company agreed that the insurance contract was in effect at the time of the alleged hailstorm. However, it pleaded that any damage to the roof qualified as one of the following events excluded from coverage under the insurance policy: "wear and tear, marring, deterioration"; "faulty, inadequate or defective design"; "neglect"; "existing damage"; or "weather conditions."

At trial, both parties presented conflicting evidence regarding the cause of the damage. Homeowners presented evidence that the hailstorm caused damage to the roof. Insurance Company presented evidence that the hailstorm caused no meaningful damage, and that all the damage had already existed prior to the hailstorm as wear and tear, attributable in part to leaks from solar panels in a portion of the roof. In rebuttal, Homeowners presented evidence that the leaking solar panels could not have been the only cause of damage, pointing to the presence of hundreds of divots spread across the roof and various other leaks that were located away from the solar panels.

At the close of evidence, Insurance Company moved for a directed verdict, arguing that "wear and tear, marring, deterioration" and leaking solar panels were the principal cause of damage to the roof. Homeowners responded that there was another cause, the hailstorm, and that, regardless, the matter was for the jury to decide. The trial court agreed that the matter was a jury question, and denied the motion.

At the charge conference, Homeowners took issue with the jury instruction that required them to prove that the hailstorm was the "most substantial or responsible cause" of damage to the roof. Homeowners explained that the trial court would be wrong to apply the "efficient proximate cause doctrine" as advanced by *American Home Assurance Co. v. Sebo*, 141 So. 3d 195 (Fla. 2d DCA 2013) (*Sebo I*). They argued that the contract at hand was an all-risk one, expressly guarding against all losses except those caused by specifically excluded events. Thus, Homeowners contended the court should apply the "concurrent cause doctrine" pursuant to *Wallach v. Rosenberg*, 527 So. 2d 1386 (Fla. 3d DCA 1988). Faced with the district court split, and cognizant that the Florida Supreme Court had recently accepted certiorari to review *Sebo I*, the trial court opted to apply the efficient proximate cause doctrine: "And I think I agree with the policies that are set out in [*Sebo I*], that the correct rule to follow is that where there are multiple, possible causes, it is the efficient proximate cause, the one that is most likely the actual cause . . . of the damage . . .

2

that controls . . . ." Thus, the trial court denied Homeowners' request to amend the proposed jury instruction, explaining "because the complaint alleges that the damage was caused by hail[, t]hat's what the whole case is about."

The jury ultimately determined that Homeowners could not satisfy their burden of proof, as set forth in the jury instruction discussed above and below. Thus, the trial court entered a final judgment in favor of Insurance Company, awarding Homeowners no damages.

## Analysis

### A. Application of the Concurrent Cause Doctrine

We review de novo whether the trial court applied the correct coverage doctrine in its jury instructions. *Sebo v. Am. Home Assurance Co.*, 208 So. 3d 694, 696 (Fla. 2016) (*Sebo II*).

Homeowners first argue that the trial court applied the wrong coverage doctrine in the following jury instruction:

> Did the Plaintiffs, Richard Jones and Louise Kiernan, prove by the greater weight of the evidence that they sustained a direct physical loss to their roof as a result of the hailstorm on April 20, 2012 which was the most substantial or responsible cause of the damage to the roof?

Homeowners contend that by requiring the jury to determine if the hailstorm was "the most substantial or responsible cause of the damage to the roof," the trial court inappropriately applied the efficient proximate cause doctrine. This doctrine "provides that where there is a concurrence of different perils, the efficient cause—the one that set the other in motion—is the cause to which the loss is attributable." *Sebo II*, 208 So. 3d at 697 (citing *Sabella v. Nat'l Union Fire Ins. Co.*, 377 P.2d 889, 895 (Cal. 1963)). The concurrent cause doctrine, on the other hand, "provides that coverage may exist where an insured risk constitutes a concurrent cause of the loss even when it is not the prime or efficient cause." *Id.* at 698.

The question presented in *Sebo II* was whether the Supreme Court would apply the efficient proximate cause doctrine (pursuant to *Sebo I*) or the concurrent cause doctrine (as discussed in *Wallach*) when multiple perils converged to cause a loss to the insured property, and at least one of those perils was excluded under the contract, and one of those perils

3

was covered by the contract. *Sebo II*, 208 So. 3d at 697. In that case, evidence was presented that rainstorms, hurricanes, and leakage caused by major design and construction defects combined to damage the homeowner's residence. *Id.* at 696. Under the all-risk insurance contract, only the leakage from the design and construction defects was excluded. *Id.* at 700. Ultimately, having determined "there is no reasonable way to distinguish the proximate cause of [the] property loss," *id.*, the Court applied the concurrent cause doctrine, stating, "[w]here weather perils combine with human negligence to cause a loss, it seems logical and reasonable to find the loss covered by an all-risk policy even if one of the causes is excluded from coverage." *Id.* (alteration in original) (quoting *Wallach*, 527 So. 2d at 1388).

Applying *Sebo II* to the instant case, we conclude that the trial court erred with respect to the jury instruction, which applied the efficient proximate cause doctrine without the jury first determining whether an efficient proximate cause could be determined. The jury instruction was crafted in such a way that the jury never decided whether there was an efficient cause. Proper jury instructions would have required the jury to first determine whether one efficient proximate cause could be identified and, if the answer was negative, a follow-up instruction would have applied the concurrent cause doctrine. Applying this causal doctrine, the jury would then decide if at least one of the concurrent causes was covered (i.e., not excluded from coverage) under the insurance policy.

Insurance Company argues in the alternative that the concurrent cause doctrine was inapplicable given that there were various anti-concurrent cause provisions in the insurance contract. "An anti-concurrent cause provision is a provision in a first-party insurance policy that provides that when a covered cause and noncovered cause combine to cause a loss, all losses directly and indirectly caused by those events are excluded from coverage." *Liberty Mut. Fire Ins. Co. v. Martinez*, 157 So. 3d 486, 487 n.1 (Fla. 5th DCA 2015). Admittedly, the Florida Supreme Court in *Sebo II* contemplated that it would have applied the efficient proximate cause doctrine had there been anti-concurrent cause provisions in the insurance contract. *Sebo II*, 208 So. 3d at 700. However, as Insurance Company concedes, in the instant case only three out of the five exclusions in the insurance contract contained anti-concurrent cause provisions: "neglect," "existing damage," and "weather conditions." The other two, "faulty, inadequate or defective design" and "wear and tear, marring, deterioration" did not. Thus, since *some* of the exclusions did not contain anti-concurrent cause provisions, the trial court erred by uniformly applying the efficient proximate cause doctrine in its jury instruction. The jury could very well have decided that the hailstorm damage occurred in

4

conjunction with, rather than was set in motion by, "faulty, inadequate or defective design," or "wear and tear, marring, deterioration," which would merit application of the concurrent cause doctrine.

## B. Allocation of the Burden of Proof in the Jury Instruction

We review de novo whether the trial court applied the correct burden of proof in its jury instructions. *See Daniels v. State*, 121 So. 3d 409, 413 (Fla. 2013) (reviewing de novo a question of law in a jury instruction).

Homeowners argue that the trial court erred by requiring them to first prove that the hailstorm was the efficient cause of damage to the roof. We agree with Homeowners' argument.

There is no dispute that the insurance policy at hand is, as in *Sebo II*, an all-risk policy. The policy here initially states that "[w]e insure against risk of direct loss to property described in Coverages A and B only if that loss is a physical loss to property." Coverage A specifically covers "[t]he dwelling on the 'residence premises' shown in the Declarations, including structures attached to the dwelling." After explaining that Insurance Company would cover all direct physical losses to the dwelling, the contract lists the specific types of exclusions to that coverage. *See Phoenix Ins. Co. v. Branch*, 234 So. 2d 396, 397-98 (Fla. 4th DCA 1970) (holding that a similarly worded agreement was an all-risk policy).

Because the policy is an all-risk one, we find error in the allocation of proof in the jury instruction, as the trial court placed the initial burden of proof on Homeowners to demonstrate that the hailstorm was "the most substantial or responsible cause of the damage to the roof." Under an all-risk insurance policy, "the rule is that once the insured establishes a loss apparently within the terms of the policy, the burden is upon the insurer to prove that the loss arose from a cause which is excepted." *Branch*, 234 So. 2d at 398. Our allocation of this preliminary burden of proof is consistent with the general notion that an all-risk insurance policy guards against all risks except those explicitly excluded by the policy. *See W. Best, Inc. v. Underwriters at Lloyds, London*, 655 So. 2d 1213, 1214 (Fla. 4th DCA 1995) ("Since in the instant case it was undisputed that the loss of the ring apparently fell within the terms of the all-risk policy, appellee bore the burden as insurer to establish that the circumstances of the loss fell within an exclusionary provision.").

In *Mejia v. Citizens Property Insurance Corp.*, 161 So. 3d 576 (Fla. 2d DCA 2014), a case nearly analogous to the instant one, the Second District Court of Appeal reversed the trial court for requiring a homeowner to first

prove that a specific cause, a sinkhole, damaged his home. *Id.* at 578. The court explained: "an insured claiming under an all-risks policy has the burden of proving that the insured property suffered a loss while the policy was in effect. The burden then shifts to the insurer to prove that the cause of the loss was excluded from coverage under the policy's terms." *Id.*; *see also Citizens Prop. Ins. Corp. v. Munoz*, 158 So. 3d 671, 674 (Fla. 2d DCA 2014) (allocating the burden of proof in a manner consistent with *Mejia*); *Wallach*, 527 So. 2d at 1387 (affirming a jury instruction requiring the insurance company to prove that the cause of the loss was an excluded one under the insurance contract); *Hudson v. Prudential Prop. & Cas. Ins. Co.*, 450 So. 2d 565, 568 (Fla. 2d DCA 1984) (similar).

Since there was a genuine dispute regarding the cause of the damage to the roof, "the trial court's allocation of the burden of proof on the issue of [the insurance company's] liability became of critical importance." *Hudson*, 450 So. 2d at 568. It was not Homeowners' responsibility, in the context of an all-risk insurance contract, to prove by a preponderance of the evidence that a non-excluded peril was "the most substantial or responsible cause of the damage to the roof." Instead, the proper allocation of the shifting burden of proof in a case of this type, involving an all-risk insurance contract where more than one potential cause of damage was raised by the parties, is as follows:

1. The insured has the initial burden of proof to establish that the damage at issue occurred during a period in which the damaged property had insurance coverage. If the insured fails to meet this burden, judgment shall be entered in favor of the insurer.
2. If the insured's initial burden is met, the burden of proof shifts to the insurer to establish that (a) there was a sole cause of the loss, or (b) in cases where there was more than one cause, there was an "efficient proximate cause" of the loss.
3. If the insurer meets the burden of proof under either 2.(a) or 2.(b), it must then establish that this sole or efficient proximate cause was excluded from coverage by the terms of the insurance policy. If the insurer does so, then judgment shall be entered in its favor. If the insurer establishes that there was a sole or efficient proximate cause, but fails to prove that this cause was excluded by the all-risk insurance policy, then judgment shall be entered in favor of the insured.
4. If the insurer fails to establish either a sole or efficient proximate cause, and there are no applicable anti-concurrent cause provisions, then the concurrent cause doctrine must be utilized. Applying the concurrent cause doctrine, the insurer has the initial burden of production to present evidence that an excluded

6

risk was a contributing cause of the damage.[1]  If it fails to satisfy this burden of production, judgment shall be entered in favor of the insured.

5. If the insurer does produce evidence that an excluded risk was a concurrent cause of the loss, then the burden of production shifts to the insured to present evidence that an allegedly covered risk was a concurrent cause of the loss at issue.  If the insured fails to satisfy this burden of production, judgment shall be entered in favor of the insurer.

6. If the insured produces evidence of a covered concurrent cause, the insurer bears the burden of proof to establish that the insured's purported concurrent cause was either (a) not a concurrent cause (i.e., it had no (or a *de minimis*) causal role in the loss), *or* (b) excluded from coverage by the insurance policy. If the insurer fails to satisfy this burden of proof, judgment shall be entered in favor of the insured.

### Conclusion

Because the jury instruction given below was erroneous, we reverse and remand for a new trial.  *See Salkey v. Citizens Prop. Ins. Corp.*, 42 Fla. L. Weekly S751 (Fla. June 23, 2017) (reversing the DCA in light of *Sebo II* and remanding for application of the concurrent cause doctrine).

*Reversed and remanded.*

DAMOORGIAN and CONNER, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] *See B & S Assocs., Inc. v. Indem. Cas. & Prop., Ltd.*, 641 So. 2d 436, 437 (Fla. 4th DCA 1994) (finding that because the cause of the damage was unknown, and the instant contract was an all-risk insurance policy, the damage was covered under the default terms of the contract).