DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RONALD BELIZAIRE** and **LOVELIE BELIZAIRE,**
Appellants,

v.

**CITIZENS PROPERTY INSURANCE CORPORATION,**
Appellee.

No. 4D2023-2488

[February 12, 2025]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Brett M. Waronicki, Judge; L.T. Case No. 562022CA001059.

Melissa A. Giasi and Erin M. Berger of Giasi Law, P.A., Tampa, for appellants.

Michelle Diverio and Alejandro Sanchez Parraga of Lydecker, LLP, Miami, for appellee.

GROSS, J.

This is an appeal from a final summary judgment for the defendant in a lawsuit over insurance coverage for roof damages. We reverse because the defendant failed to show that there was "no genuine dispute as to any material fact" entitling it "to judgment as a matter of law." Fla. R. Civ. P. 1.510(a).

Ronald and Lovelie Belizaire (the insureds) filed a complaint against Citizens Property Insurance Corporation for breach of contract. In an amended complaint, the insureds alleged that (1) they had a homeowner's policy with Citizens insuring their home; (2) a windstorm event damaged their roof during the policy period; (3) they complied with their contractual duties and all pre-suit requirements; and (4) Citizens failed to reimburse them for their damages under the policy. The policy which the insureds attached to the complaint was an all-risk policy.

In response to the lawsuit, Citizens relied on policy exclusions to say that the damages resulted from "wear and tear, marring [or] deterioration,"

and that a covered peril did not create the opening in the roof through which rain entered.

Citizens moved for summary judgment. The company took the position that it "[wa]s not required to prove that [the] damages were caused by any exception or exclusion of the Policy *as an initial matter*" and that if the insureds could not meet "this initial burden of proof on the threshold issue of coverage (i.e. damages caused by a Peril Insured Against), *then* [the] *burden **never shifts** to Citizens.*" (Emphasis in original).

To support the motion, Citizens filed an affidavit of a corporate representative, some photos taken by the field adjuster, and Citizens' letter denying the claim.

In opposition to the summary judgment, the insureds filed an affidavit from a certified building-and-roofing contractor opining that the roof damage occurred as a result of a windstorm event occurring during the policy period, and an affidavit from Ronald Belizaire pinpointing the date of the windstorm event. They argued that their initial burden of proof under the policy was to show that their property was damaged by a covered event during the policy period, thus shifting the burden to the insurer to prove that the loss arose under a policy exception.

The circuit court granted Citizens' motion for summary judgment and entered judgment in its favor.

"[A]n insured claiming under an all-risks policy has the [initial] burden of proving that the insured property suffered a loss while the policy was in effect." *Universal Prop. & Cas. Ins. Co. v. Banziger*, 392 So. 3d 574, 575 (Fla. 4th DCA 2024) (quoting *Kokhan v. Auto Club Ins. Co. of Fla.*, 297 So. 3d 570, 572 (Fla. 4th DCA 2020)). After the insured has proved a loss occurred during the policy period, to deny an insured's claim of loss, the insurer then "has the burden to prove the damage is excluded from the coverage." *Feldman v. Citizens Prop. Ins. Corp.*, 373 So. 3d 636, 639 (Fla. 4th DCA 2023) (citing *Merrick Pres. Condo. Ass'n, Inc. v. Cypress Prop. & Cas. Ins. Co.*, 315 So. 3d 45, 47 (Fla. 4th DCA 2021)); *Jones v. Federated Nat'l Ins. Co.*, 235 So. 3d 936, 940 (Fla. 4th DCA 2018) (same); *Mejia v. Citizens Prop. Ins. Corp.*, 161 So. 3d 576, 578 (Fla. 2d DCA 2014) (holding that "an insured claiming under an all-risks policy has the burden of proving that the insured property suffered a loss while the policy was in effect. The burden then shifts to the insurer to prove that the cause of the loss was excluded from coverage under the policy's terms.").

2

In opposition to summary judgment, the insureds filed affidavits sufficient to meet their initial burden of proof. Citizens filed no affidavit competent to establish any fact entitling it to summary judgment. For example, Citizens did not file an affidavit from anyone who had inspected the roof and conclusively established that the opinion of the insureds' expert was all wet. A denial of coverage letter is not competent proof of the facts it uses to justify the denial.

On this record, a genuine dispute of material fact remained as to the cause of the loss on the property. We reverse the final summary judgment and remand to the circuit court for further proceedings.

*Reversed and remanded.*

WARNER and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***