DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JEFFREY VASTA and JULIA VASTA,

Appellants,

v.

UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY,

Appellee.

No. 2D2023-1915

_____

April 9, 2025

Appeal from the Circuit Court for Pinellas County; Thomas Ramsberger, Judge.

Matthew Struble of Struble, P.A., Indialantic, for Appellants.

David A. Noel and Kara Rockenbach Link of Link & Rockenbach, P.A., West Palm Beach, for Appellee.

LUCAS, Judge.

Jeffrey and Julia Vasta, plaintiffs in an insurance dispute, appeal a final judgment in favor of the defendant, Universal Property & Casualty Insurance Company (Universal). We find merit in their argument that the verdict form approved by the trial court effectively imposed an erroneous burden of proof and reverse the judgment below.

I.

Universal had issued an all-risks insurance policy[1] covering the Vastas' Palm Harbor home. On July 4, 2020, while the policy was in effect, the Vastas discovered a water leak under a kitchen cabinet that would turn out to be a failing hot water supply line in the house's concrete slab. They submitted a claim to Universal on July 22, 2020.

The Vastas submitted documents to their insurer, and in August of 2020, Universal sent an adjuster to inspect the Vastas' home. Universal's adjuster prepared and delivered a report that estimated the repairs to the kitchen resulting from the water leak would cost $14,000. The Vastas then retained a general contractor who estimated the water damage to the kitchen amounted to $31,377, while the total cost of repairs would be $43,861.

In the ensuing months, Universal did not communicate to the Vastas whether it would provide coverage, in any amount, to the Vastas. Nor did it submit any payment to them.[2] On February 17, 2021, the Vastas filed a single-count breach of contract complaint against Universal. In their complaint, the Vastas alleged that Universal "failed and refused to honor its obligations under the Policy issued to the Plaintiffs as it relates to the claim, including by failing to provide full

---

[1] Universal does not dispute the characterization of the operative policy as an all-risks policy. "An all-risks policy provides coverage for 'all losses not resulting from misconduct or fraud unless the policy contains a specific provision expressly excluding the loss from coverage.' " *Mejia v. Citizens Prop. Ins. Corp.*, 161 So. 3d 576, 578 (Fla. 2d DCA 2014) (quoting *Hudson v. Prudential Prop. & Cas. Ins. Co.*, 450 So. 2d 565, 568 (Fla. 2d DCA 1984)).

[2] Universal maintained below that it was still adjusting the claim and required more information from the Vastas in order to do so. Furthermore, Universal contended that its adjuster's estimate was only preliminary.

coverage under the Policy and failing to promptly issue payment for the full amounts due and owed under the Policy."

A jury trial was held on August 7, 2023. The parties submitted competing jury instructions and proposed verdict forms. Although our focus in this appeal is on the verdict form, we should note that the approved jury instructions set forth the following elements that the Vastas had to prove in order to prevail:

1. Plaintiffs did all, or substantially all, of the essential things which the contract required them to do or that they were excused from doing those things;
2. All conditions required by the contract were performed;
3. Defendant failed to do something essential which the contract required it to do; and
4. Plaintiffs were damaged by that failure.

With respect to the "conditions" that were required under Universal's insurance policy, the jury was instructed that Universal was not liable "unless the insured dwelling suffered direct physical loss during the policy period" over and above the deductible amount. The remainder of the substantive jury instructions set forth Universal's various defenses, as well as standard instructions on measuring damages, believability of witnesses, and the like.

In line with the instructions, the Vastas requested a standard verdict form, asking, as a preliminary question, whether the Vastas had proven that a loss occurred during the policy period; the rest of their proposed verdict form addressed Universal's various defenses. Universal argued that a special verdict form was needed for the Vastas' claim. Universal maintained that the verdict form should track what Universal construed to be the bases of the Vastas' complaint, which, it said, were more akin to a generic breach of contract claim as opposed to an insurance coverage claim.

The trial court considered the arguments of counsel carefully and concluded that the Vastas' claim was "not a traditional denial of coverage case." The court approved a modified version of Universal's proposed verdict form, which, in pertinent part, read as follows:

> 1. Did Plaintiffs prove by the greater weight of the evidence that on or about July 4, 2020, while the policy was in full force and effect, the subject property sustained a covered loss to the property as a result of water damage and related damages, including mold and damage caused to access the property to protect it against sustaining further damage?
>
> 2. Did Plaintiffs prove by the greater weight of the evidence that on multiple occasions, the Plaintiffs and/or the Plaintiffs' authorized representatives requested confirmation of coverage for the claim and payment for damages sustained and repairs necessary to restore the property to its pre-loss condition pursuant to the Policy?
>
> 3. Did Plaintiffs prove by the greater weight of the evidence that Defendant failed to confirm coverage for the covered claim and failed to comply with Fla. Stat. 627.70131, including by failing to confirm coverage within 90 days after it received notice of the claim?
>
> 4. Did Plaintiffs prove by the greater weight of the evidence that Defendant failed and refused to honor its obligations under the Policy issued to the Plaintiffs as it relates to the claim, including by failing to provide full coverage under the Policy and failing to promptly issue payment for the full amounts due and owed under the Policy[?]

The jury answered the first three questions, "yes" but as to the fourth question of whether the Vastas had proven that "Defendant failed and refused to honor its obligations under the Policy," the jury answered in the negative. The trial court entered a defense judgment and subsequently denied the Vastas' motion for new trial.

II.

4

In their appeal of the final judgment, the Vastas ask us to consider the propriety of the special verdict form, an issue we review under an abuse of discretion standard. *See Charles v. State*, 311 So. 3d 283, 286 (Fla. 2d DCA 2020) (citing *Coday v. State*, 946 So. 2d 988, 1009 (Fla. 2006)); *Warth v. State Farm Fire & Cas. Co.*, 695 So. 2d 906, 908 (Fla. 2d DCA 1997). "[O]rdinarily, the verdict form should parallel the court's instruction on the law . . . ." *Warth*, 695 So. 2d at 908 (quoting *Botte v. Pomeroy*, 497 So. 2d 1275, 1280 (Fla. 4th DCA 1986)). They also argue that the verdict was against the manifest weight of the evidence.

We agree with the Vastas' first argument on appeal that the special interrogatory verdict form the trial court employed imposed a burden on the Vastas that was not consistent with the law. While it is true that the Vastas pled a breach of contract claim, the breach they alleged was Universal's failure to provide full coverage and to timely issue payment for a loss under their all-risks insurance policy.[3] In short, they asserted they never got paid for a covered loss while their all-risks policy was in effect and that the policy required payment within ninety days.

Our court has explained the burden of proof in claims arising under all-risks insurance policies. First, in *Hudson v. Prudential Property & Casualty Insurance*, 450 So. 2d 565 (Fla. 2d DCA 1984), we observed that "the general rule of evidence is that a plaintiff seeking to recover under an 'all risks' policy has the burden of proving that, while the policy was in force, a loss occurred to the insured's property." *Id.* at 568 (citing *Egan v. Wash. Gen. Ins.*, 240 So. 2d 875 (Fla. 4th DCA 1970)). "Once the insured establishes a loss apparently within the terms of an 'all risks'

---

[3] We note that the Vastas did not allege that the sole basis for the breach of the policy was untimeliness in remitting payment. *Accord* § 627.70131(5)(a), Fla. Stat. (2021).

5

policy, the burden shifts to the insurer to prove that the loss arose from a cause which is excepted." *Id.*

Thirty years later, in *Mejia v. Citizens Property Insurance*, 161 So. 3d 576 (Fla. 2d DCA 2014), our court reversed a final judgment where the trial court had instructed the jury that the plaintiff "had the burden of showing that the damage [under his all-risks policy] was caused by sinkhole activity during the policy period." *Id.* at 578. This, we held, impermissibly allocated the burden of proof between the insured and insurer because "an insured claiming under an all-risks policy has the burden of proving that the insured property suffered a loss while the policy was in effect." *Id.* Once that burden was satisfied, the insurer bore the burden of proving an exclusion to coverage. *Id.*

Our court, as well as our sister district courts of appeal, has consistently applied this formulation of the burden of proof for all-risks policy claims. *See, e.g., Citizens Prop. Ins. v. Barberan*, 396 So. 3d 229, 230 (Fla. 2d DCA 2024) (holding that the trial court did not err in "instructing the jury that the Barberans' burden was to prove damage to their home during the policy period and, if they did so, then Citizens had the burden to prove that the loss was excluded from coverage"); *Citizens Prop. Ins. Corp. v. Salkey*, 260 So. 3d 371, 375 (Fla. 2d DCA 2018) (concluding that jury instructions were "confusing and may have misled the jury, causing it to conclude that the Salkeys' had proved that their property was damaged by a sinkhole—a burden they did not have"); *Valer v. Citizens Prop. Ins.*, 50 Fla. L. Weekly D126, D129 (Fla. 3d DCA Jan. 8, 2025) ("Valer's policy with Citizens was an 'all-risk' policy. An 'all-risk' policy is one in which covers 'all losses unless specifically excluded.' Accordingly, the law in Florida is that Valer's initial burden of proof only required her to show that the property suffered a loss while the policy

6

was in effect." (quoting *People's Tr. Ins. v. Gunsser*, 373 So. 3d 422, 424 (Fla. 6th DCA 2023))); *Hicks v. Am. Integrity Ins. of Fla.*, 241 So. 3d 925, 928 (Fla. 5th DCA 2018) (reversing summary judgment entered in favor of insurer because the trial court misapplied the insurance policy's relevant exclusions provision, noting that "[i]n an all-risks policy, once the insured establishes a loss within the terms of a policy, the burden shifts to the insurer to prove that a particular loss arose from an excluded cause"); *Jones v. Federated Nat'l Ins.*, 235 So. 3d 936, 940 (Fla. 4th DCA 2018) ("Because the policy is an all-risk one, we find error in the allocation of proof in the jury instruction, as the trial court placed the initial burden of proof on Homeowners . . . .").

Rather than ask whether the Vastas had proven by the greater weight of the evidence that a loss had occurred during the policy's term, the form used in the case at bar assigned the Vastas the burden of proving several separate points. In addition to what was included in the first three questions of the form, the fourth question (which the jury answered in the negative) required the plaintiffs to prove whether Universal "refused to honor its obligations" under the all-risks policy, "including by failing to provide full coverage under the Policy and failing to promptly issue payment for the full amounts due and owed under the Policy." We cannot say which "obligations" the jury might have determined Universal had "honored," whether the jury deemed Universal's actions as providing "full coverage" or if it concluded that Universal had been prompt in issuing whatever the "full amounts due and owed" under the policy were. What we can say is that the Vastas did not have the initial burden of proving these points under their all-risks policy claim. To be entitled to recovery under an all-risks policy, they had to prove that a loss had occurred during the policy period. *See*

7

*Mejia,* 161 So. 3d at 578; *Hudson,* 450 So. 2d at 568.  Universal bore the burden of proving any exclusions or other affirmative defenses to that coverage.

III.

Since the verdict form imposed burdens on the Vastas that were inconsistent with settled Florida law, the trial court abused its discretion in using that form.  Accordingly, we must reverse the final judgment below and remand this case for a new trial.  Because of our disposition of this issue, we need not address the Vastas' argument about the sufficiency of the evidence at the prior trial.

Reversed and remanded.


VILLANTI and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____


Opinion subject to revision prior to official publication.