**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11669

_____

SARA MEIR,
SARA MEIR A/A/O JACOB MEIR,

*Plaintiffs-Appellants,*

*versus*

WESTCHESTER SURPLUS LINES INSURANCE COMPANY,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:25-cv-60039-DSL

_____

Before ROSENBAUM, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Sara Meir, individually and as assignee of her son Jacob Meir, appeals the district court's orders dismissing her complaint without prejudice and denying leave to amend. On appeal, Ms. Meir argues that the district court improperly imposed pleading requirements that exceeded those necessary to prove her claims. She further contends that the district court should have granted her leave to amend the complaint. After careful review of the record and relevant authority, we affirm.

## I.       FACTUAL AND PROCEDURAL HISTORY

This matter centers on Policy No. FSF1632157600 003 (the "Policy"), which Appellee Westchester Surplus Lines Insurance Company ("Westchester") issued to Ms. Meir and her son for coverage on their residential property (the "Property"). Ms. Meir alleges that this policy, which took effect on August 2, 2023, was an "all-risks" policy that covered all damages not specifically excluded by the policy's express terms.[1]

Ms. Meir alleges that, around October 5, 2023, the Property experienced "accidental discharge and leakage of water caused by the breaking apart, cracking, and collapse of a portion of [its] plumbing system[,]" resulting in damage to the flooring and vanity in the bathrooms and to the floors, walls, and cabinetry in the

---

[1] Westchester disputes that the Policy is an "all-risks" policy.

kitchens.  So, on November 21, 2023, Ms. Meir reported the damage and filed Claim No. KY23K3064798 (the "Claim") with Westchester against the Policy.  On January 11, 2024, Ms. Meir submitted a Sworn Statement in Proof of Loss to Westchester, appraising her claim at $213,952.97 with supplemental claims up to $22,873.17.

Westchester denied coverage for the Claim, through a coverage determination letter dated March 27, 2024.  As Westchester described in the letter, it first engaged an independent field adjuster, who inspected the water damage as presented by the Meirs' public adjuster.  Because Westchester's field adjuster could not verify the damage, Westchester then retained an engineering firm.  Based on its inspection, research, and review, the firm concluded there were multiple independent sources of plumbing-related damage within the Property.[2]  In addition, the firm took note of other conditions and damage, which it ascribed to "causes other than plumbing back-ups."  Based on these findings, Westchester stated that the Policy "specifically exclude[d] coverage for loss or damage as the result of wear and tear, deterioration, the presence of moisture that occurs over a period of 14 days or more, deferred

---

[2] For instance, the coverage determination letter cites "maintenance-related issue[s]," "condition[s] of occupancy" related to "normal usage of the bathroom and shower" or "wear and tear[,]" issues with or improper sealing, and "historic plumbing leaks and/or back-ups" related to previously replaced pipes as sources of damage within the Property.

maintenance and pre-existing damage," and pointed to specific, relevant language from the Policy in support.

On December 16, 2024, Ms. Meir filed her Complaint for declaratory relief and breach of contract in Florida state court, seeking a declaration that her losses were covered under the Policy, as well as actual damages, interest, and attorney's fees and costs. She contended that Westchester's coverage determination could not be reconciled with its own "acknowledgement[s]" or the Policy's "all-risks coverage grant and the specific coverages for 'water damage' and for 'collapse,'" and that the circumstances "implicated" the Policy's other coverages for Increased Cost of Construction, Business Income, and Extra Expense. Ms. Meir therefore alleged that Westchester had improperly denied compensation for damages covered under the Policy. She attached the Policy, Westchester's coverage determination letter, and her son's assignment of insurance benefits as exhibits to the Complaint.

Westchester removed the case to the Southern District of Florida, and filed a motion to dismiss, arguing that Ms. Meir had not complied with pre-suit notice requirements, asserted a duplicative declaratory judgment claim, and failed to plead "sufficient specificity" to state claims upon which relief could be granted. Westchester noted that Ms. Meir and her family members had filed "substantially similar" lawsuits, which courts had dismissed on similar grounds,[3] and asked the district court to dismiss Ms. Meir's

---

[3] Westchester referenced *Meir v. Westchester Surplus Lines Ins. Co.*, Case No. 22-cv-61692-WPD; *Meir v. Hudson Specialty Ins. Co.*, Case No. 21-cv-61409-KNW;

request for declaratory relief with prejudice and her breach of contract claim with leave to amend. In response, Ms. Meir maintained she had sufficiently pleaded compliance with the pre-suit notice requirements and had properly pleaded her two claims. She asked the district court to deny Westchester's motion but did not seek leave to amend her Complaint in the alternative, even though Westchester had indicated that it would not object to amendment of the breach of contract claim.

The district court dismissed Ms. Meir's complaint without prejudice. Although the district court found Westchester's notice and duplicative declaratory judgment arguments unpersuasive, it concluded that the Complaint failed to state a claim upon which relief could be granted because Ms. Meir did not allege sufficient facts to support her legal conclusions. As to the declaratory relief claim, the district court noted that the Complaint alleged insufficient facts to support conclusions that Ms. Meir "is likely to be subject to any future injury under the challenged Policy" or her "alleged entitlement" to Increased Cost of Construction, Business Income, or Extra Expense coverage. Regarding the breach of contract claim, the district court relied on Ms. Meir's "failure to describe the factual basis of her damages claim, coupled with her failure to identify the Policy provisions that [Westchester] breached by not paying her claim[.]" And since Ms. Meir had not requested

_Meir v. Westchester Surplus Lines Ins. Co._, Case No. 22-cv-61502-RS; and _Meir, et al. v. Westchester Surplus Lines Ins. Co._, Case No. 23-cv-62189-WPD.

leave to amend her complaint, the district court dismissed the Complaint without leave to amend.

Ms. Meir filed a post-dismissal Rule 60(b) motion for relief. She did not address her declaratory relief claim and argued only that she had properly pleaded a breach of contract claim. Ms. Meir posited that, because the Policy was an "all-risks" policy, she was required to establish only that the Policy was in effect and that her Property had experienced a loss. She thus asked the district court to reconsider its dismissal, arguing the court had "impose[d] pleading requirements beyond the proof necessary at trial." In the alternative, Ms. Meir requested leave to amend her complaint under Rule 15(a)(2) and attached a proposed amended complaint to the motion. Westchester responded that Ms. Meir was not entitled to relief under either Rule 60(b) or Rule 15(a)(2), contending that Ms. Meir's motion improperly sought to re-litigate issues already decided, and characterizing her request for leave to amend as "belated" and "futile."

The district court denied Ms. Meir's request for relief or for leave to amend. The district court determined that reconsideration was not warranted under Rule 60(b), as Ms. Meir merely sought to "reexamine an unfavorable ruling." Nor did the district court grant leave to amend the complaint, noting that Ms. Meir had not requested an opportunity to amend in response to Westchester's motion to dismiss and had not cured various deficiencies to her complaint.

Ms. Meir timely filed the present appeal.

## II.    STANDARD OF REVIEW

We review *de novo* a district court's order granting a motion to dismiss for failure to state a claim. *Einhorn v. Axogen, Inc.*, 42 F.4th 1218, 1222 (11th Cir. 2022). "We generally review the denial of a motion to amend a complaint for an abuse of discretion, but we review questions of law *de novo*." *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010) (per curiam) (quoting *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291 (11th Cir. 2007)).

We can affirm a district court's ruling "on any ground supported by the record." *Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1234 (11th Cir. 2010) (citing *Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1088 n.21 (11th Cir. 2007)).

## III.    ANALYSIS

On appeal, Ms. Meir contends that the district court erred by dismissing her breach of contract claim[4] and by denying leave to amend.  We address each argument in turn.

---

[4] In a footnote, Meir raises the district court's dismissal of her claim for declaratory relief.  But because Ms. Meir raises that claim only in passing, any arguments specific to that claim are waived.  *See N. Am. Sugar Indus., Inc. v. Xinjiang Goldwind Sci. & Tech. Co., Ltd.*, 124 F.4th 1322, 1336, n.5 (11th Cir. 2025) ("If a party makes only a passing reference to [an] argument in a footnote of [its] brief, the argument is waived." (quoting *LaCroix v. Town of Fort Myers Beach, Fla.*, 38 F.4th 941, 947 n.1 (11th Cir. 2022)) (cleaned up).

### A. Ms. Meir Failed to State a Breach of Contract Claim

Ms. Meir contends her Complaint met Rule 8(a)'s pleading standards and exceeded the threshold needed to survive a Rule 12(b)(6) motion to dismiss. In her view, she has provided factual allegations beyond even the "evidentiary burden required of her at trial" for an "all-risks"[5] policy, warranting reversal of the district court's order and remand for further proceedings. We disagree.

For a breach of contract claim, plaintiffs must plead and establish: (1) the existence of a contract; (2) a material breach of the contract; and (3) damages resulting from the breach. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *Friedman v. N.Y. Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008)). A pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8's pleading standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-

---

[5] Under Florida law, "all-risks" policies provide coverage for "all losses not resulting from misconduct or fraud unless the policy contains a specific provision expressly excluding the loss from coverage." *Kokhan v. Auto Club Ins. Co. of Fla.*, 297 So. 3d 570, 572 (Fla. 4th DCA 2020) (quoting *Mejia v. Citizens Prop. Ins. Corp.*, 161 So. 3d 576, 578 (Fla. 2d DCA 2014)) (formatting omitted). An insured making claims under an "all-risks" policy must prove "the insured property suffered a loss while the policy was in effect." *Id.* (quoting *Jones v. Federated Nat'l Ins. Co.*, 235 So. 3d 936, 941 (Fla. 4th DCA 2018)). Here, we recognize that the parties dispute whether the Policy was, in fact, an "all-risks" policy. But we need not resolve that issue, because the complaint fails to allege sufficient facts to support a plausible inference that Westchester breached the Policy by denying Ms. Meir's claim.

unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* at 678 (internal quotation marks omitted). And to survive a motion to dismiss, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citations and internal quotation marks omitted).

In deciding whether a complaint states a claim upon which relief can be granted, we must "accept the facts as set forth in the plaintiff's complaint as true, and our consideration is limited to those facts contained in the pleadings and attached exhibits." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1199 (11th Cir. 2007) (citing *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006)). Though this principle "usually benefits the plaintiff," that is not always true, *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019), and a litigant risks defeat "by his own evidence" when "he has pleaded too much and has refuted his own allegations[.]" *Id.* (quoting *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940)). That is what has happened here.

Because Ms. Meir attached Westchester's coverage determination letter to her complaint, we consider that letter "part of the pleading for all purposes." Fed. R. Civ. P. 10(c). When read together, the Complaint and incorporated letter do not plausibly allege that Westchester breached the Policy. Even if an "all-risks"

policy was in effect when the Property was damaged, the Policy would not cover "specifically excluded" causes of loss, and the coverage determination letter states that Westchester denied coverage based on specific, identified exclusions to the Policy: "loss or damage as the result of wear and tear, deterioration, the presence of moisture that occurs over a period of 14 days or more, deferred maintenance and pre-existing damage." These stated grounds negate Ms. Meir's claim, which already lacks factual allegations providing a basis to infer alternative causes of loss. Ms. Meir does not allege facts linking the claimed damage to any covered loss, nor does she identify any Policy provisions that Westchester allegedly breached. The Complaint offers only bare, conclusory assertions that the Property sustained covered losses and that Westchester improperly refused to pay the Claim.[6]    Her allegations are

---

[6] We also note a peculiarity about this case, namely that the Meir family is not new to this type of suit. Meir's husband brought an identical suit in 2023 that was dismissed on virtually the same grounds as the district court dismissed this suit. *See Meir v. Westchester Surplus Lines Ins. Co.*, No. 22-61692-CIV, 2023 WL 11814859 (S.D. Fla. Jan. 27, 2023). Meir's husband filed suit against Westchester claiming plumbing damage to the family's residential property in Hollywood, Florida. According to Mr. Meir's complaint, "the Property experienced accidental discharge and leakage of water from the breaking apart and cracking of the bathroom drain line plumbing system." *Id*. at *1 In a coincidental chain of events, Ms. Meir alleges in the instant case that the "Property experienced accidental discharge and leakage of water caused by the breaking apart, cracking, and collapse of a portion of the Property's plumbing system." The district court dismissed Mr. Meir's suit for failure to state a claim—that is, "factual allegations setting forth what property was damaged by the discharge of water and the nature of such damage." *Meir*, No. 22-61692-CIV, at *4. Ms. Meir filed this suit the year after her husband's similar suit with similar claims

therefore insufficient to plausibly state a breach of contract claim, and the district court correctly dismissed the action without prejudice.

### B. The District Court Correctly Denied Leave to Amend

Separately, Ms. Meir argues that she was entitled to "at least one opportunity" to amend her complaint. She argues she had properly moved for leave to amend in a "timely" manner. We are not persuaded.

The district court did not abuse its discretion in denying Ms. Meir's leave to amend in its order dismissing the Complaint without prejudice. Parties can amend their pleadings once as a matter of course, within "21 days after service of a motion under Rule 12(b)[.]" Fed. R. Civ. P. 15(a)(1)(B). Despite that opportunity, Ms. Meir did not amend her complaint after Westchester moved to dismiss. Nor did she seek leave to do so, even though Westchester, in its motion to dismiss, indicated it would not oppose such a request. Under these circumstances, the district court was under no obligation to *sua sponte* grant relief that Ms. Meir never requested, particularly since she remained free to refile the action.

Likewise, the district court suitably denied Ms. Meir's post-dismissal motion to amend. A motion to amend "may be denied

---

was dismissed. As the district court flagged, "[t]he only difference (between the two cases) seems to be the named Plaintiff and the Property's address—5945-5947 Hayes Street, Hollywood Florida vs. 1660 Northwest 52nd Avenue, Lauderhill, Florida."

on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Mann v. Palmer*, 713 F.3d 1306, 1316 (11th Cir. 2013) (citations and internal quotation marks omitted). Under Rule 15(a), district courts should freely give leave to amend "when justice so requires." But Rule 15(a) "has no application once the district court has dismissed the complaint and entered final judgment for the defendant." *U.S. ex. rel. Atkins v. McInteer*, 470 F.3d 1350, 1361 (11th Cir. 2006) (citation omitted); *see Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL–CIO*, 724 F.2d 1552, 1556 n.6 (11th Cir. 1984) (stating that, after a complaint is dismissed, a plaintiff cannot move for leave to amend "if the court has clearly indicated either that no amendment is possible or that dismissal of the complaint also constitutes dismissal of the action."). After a final judgment is entered, a plaintiff can "move for relief under Rules 59(e) or 60(b) on the basis of proposed amendments." *Czeremcha*, 724 F.2d at 1556.

In dismissing Ms. Meir's complaint, the district court made clear that it would not permit amendments, and it directed that the case be closed. As Ms. Meir concedes, the dismissal thus operated as a final order. *See id.* at 1554 n.4. The trial court's order therefore foreclosed Ms. Meir's ability to seek leave to amend pursuant to Rule 15(a)(2). Instead, her sole avenue for relief was to file a Rule 59(e) or Rule 60(b) motion on the basis of a proposed amendment. Because she failed to pursue that course, the district court properly denied her post-dismissal request to amend.

## IV.  CONCLUSION

For the reasons discussed, we conclude that the district court did not err in dismissing Ms. Meir's complaint without prejudice and without leave to amend, and thus, we affirm.

**AFFIRMED.**